SMITH *et ux. v.* MISSISSIPPI STATE HIGHWAY COMMISSION.

(Division B.    Dec. 5, 1938.)

[184 So. 814.    No. 33443.]

Hathorn & Williams, of Poplarville, for appellants.

744

E. R. Holmes, Jr., Assistant Attorney-General, for appellee.

Argued orally by E. B. Williams, for appellant.

Anderson, J., delivered the opinion of the court.

Highway No. 11 in Pearl River county was being rebuilt and paved. To carry out its purposes, the highway commission was acquiring a right-of-way 100 feet wide.

To that end it sought to condemn a strip of land belonging to appellants 850 feet in length north and south by 50 feet wide on the north end and 23 feet wide on the south end, consisting of a little less than one-half an acre in area. An Eminent Domain Court was authorized under the law for that purpose. The jury of that court returned the verdict for appellant in the sum of $1,850. Judgment was accordingly entered. From that judgment, the highway commission appealed to the circuit court. The trial there resulted in a verdict and the sum of $400. From that judgment appellants appeal to this court.

Appellants' farm and home consist of about eighteen acres. Their home and the houses and structures connected therewith are located on a part of the tract 350 feet north and south by 127 feet east and west, facing Highway No. 11 on the east. The improvements thereon consist of the following: Their home, a storehouse, barn, smokehouse, outhouse, privy, corncrib, garage, filling station, another residence, and fences. The west line of the old highway was approximately 35 feet from appellants' east line. After taking the strip of land in question, it is only about ten feet from the west line of the new highway. On the land taken there were at least three, if not five shade trees. The space between the west line of the old highway and appellants' east line was owned by the N. O. & N. E. Railroad Company. The highway commission acquired that for the purposes of the new highway. In grading this railroad space the entrance to appellants' home according to some of the evidence, was made more difficult.

The evidence as to the market value taken away from appellants' property by the condemnation of the piece of land in question ranged from $175 to more than $2000.

One of the main grounds of appeal is that appellants should be granted a new trial by this court, which the trial court refused because of the alleged gross inadequacy of the verdict. Although the evidence would

have justified a verdict in a somewhat larger amount, we are of the opinion that the contention is without merit. It was a question for the jury. As stated the evidence as to the market value before and after taking ranged from $175 to more than $2000. The jury was not required by law either to fix the highest or the lowest amount. They had the right to weigh all evidence and use their best judgment as to the damages.

Appellants assign and argue that the following instruction given the highway department was error: "The court instructs the jury for the plaintiff, State Highway Commission, that you will not allow the defendants anything for the lands embraced in the New Orleans and Northeastern Railway right-of-way, nor for any grading or construction on said lands so embraced in said New Orleans and Northeastern Railway right-of-way." It will be observed that by the instruction the jury were told that they could not award appellants any damages on account of construction work done on the railroad property. As stated the evidence tended to show that such construction made appellants' property less accessible to the highway; that the approach was rendered more inconvenient. This was error. Section 17 of the Constitution prohibits both the taking and the damaging of private property for public use. It may be damaged without the taking. Parker v. State Highway Commission, 173 Miss. 213, 162 So. 162. The diminution of the value of abutting property by interference with ingress and egress to and from it is damage within the meaning of the Constitution. Curry v. Railroad Company, 87 W. Va. 548, 105 S. E. 780, 22 A. L. R. 138.

With the evidence so conflicting as to the damages that instruction may have been influential with the jury in fixing their verdict; it was calculated to have that effect. We do not think the other assignments of error are of sufficient merit to call for a discussion by the court.

Reversed and remanded.