WILKINSON COUNTY *v.* STATE HIGHWAY COMMISSION.

(In Banc. Oct. 27, 1941.)

[4 So. (2d) 298. No. 34697.]

**W. F. Tucker,** of Woodville, for appellant.

**Greek L. Rice,** Attorney-General, by **Russell Wright,** Assistant Attorney-General, for appellee.

Argued orally by **W. F. Tucker,** for appellant, and by **Russell Wright,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

During the years 1918 to 1921, Wilkinson County improved and graveled the highway, then known as the Upper Natchez Road, from Woodville north to the Adams County line, a distance of eighteen miles. In May, 1922, so the bill alleges, the State Highway Commission demanded, in writing, that this road be released by the county so that it should come under the jurisdiction of the State Highway Commission as a part of the highway thence to be known as State Highway No. 61. The county acquiesced in this demand, but, as it is alleged, with an agreement between the county and the Highway Commission that the road aforesaid would thenceforth be maintained by the State Highway Commission.

In September, 1939, the State Highway Commission notified the county that the commission had relocated the road from the Adams County line south, and that eleven miles of the old road which had theretofore served as part of State Highway No. 61 had, by the relocation, been abandoned by the commission and was being surrendered to the county. The bill avers that the location of the new paved state highway is at some points as much as eight to twelve miles from the original graveled highway.

The county, by its bill alleging as aforesaid, sought a mandatory injunction to compel the Highway Commission to continue the maintenance of the eleven miles of the old road abandoned by the commission. The commission did not appear at the rules day when appearance was due, and a decree pro confesso was taken. At the succeeding term of court, being the first term at which a final decree could be rendered, the Highway Commission appeared, moved to set aside the decree pro confesso and for leave to file a demurrer of no cause of action. The motion and the demurrer were sustained and the bill was dismissed. We are of the opinion that the bill states no cause of action, and that the court was correct in its term-time decrees.

In Trahan v. State Highway Commission, 169 Miss. 732, 151 So. 178, the Court held that the highway com-

mission was and is fully empowered to relocate the line of a state highway between the points designated by the legislature, and thereby to abandon the original line, whereupon the latter would revert to the jurisdiction of the board of supervisors; and we will not further elaborate upon what was there said except that we now add that in the relocations by the commission in eliminating curves and shortening distances and in otherwise finding a better location, the new line may depart from the old as much as eight to twelve miles, as was done in the case now before us. So long as done for any good reason in the interest of through traffic, the authority in that respect is wholly at the discretion of the State Highway Commission.

But the county says that to allow the Highway Commission to abandon this eleven miles and to cast back upon the county the obligation and expense of the maintenance thereof is to deprive it of its rights vested by the previous agreement of the Highway Commission to bear this expense and would amount to an impairment of the obligation of the contract which the commission had made with the county. For several reasons we cannot concur in this contention, but we will state one reason only.

It will be observed that the allegation of the bill is that it was in May, 1922, that the demand was made by the Highway Commission that the road be turned over to the commission to be under its complete jurisdiction and when the county agreed to the demand on the condition that the road be thenceforth worked and maintained by the commission without any expense to the county. That allegation as to the date is twice repeated in the allegations of the bill, and is the date used in appellant's brief. At that time the amendment to Section 170, Constitution 1890, had not been adopted. The highway department was then working under Chapter 203, Laws 1920. There was no provision in that chapter authorizing the highway

department to take complete jurisdiction over any road, or to obligate itself by any such contract as alleged in the bill in respect to the maintenance of any road. The constitutional amendment taking away county jurisdiction over designated state highways was not inserted in the Constitution until January 16, 1924.

If, however, we may assume that the date, May, 1922, is an inadvertence and that what was meant was May, 1924, after Chapter 278, Laws 1924, had gone into effect, which was on April 5, 1924, and whereby for the first time complete jurisdiction could be taken by the Highway Commission and whereby all the cost of maintenance of the roads taken over was required to be paid by the State Highway Department, yet there is nothing in that act or in any subsequent statute which authorized the State Highway Department to make any such contract with a county as to bind the commission to an obligation to maintain any road after abandonment in the process of relocation by the State Highway Department. Nor may such an authority be worked out by any fair process of implication from anything contained in any of these statutes. The implications would be to the contrary. When there has been a finished relocation and in consequence an abandonment by the Highway Commission of the old road, whence the abandoned road has reverted to the county and its board of supervisors, all jurisdiction and control of that road and all obligations of the Highway Commission in respect to it has ended; and the commission is not authorized, and has never been authorized, to make any contract beyond the period of its own jurisdiction—even if constitutionally it could be so authorized.

Much of the argument has been directed to the action of the court in sustaining the motion to set aside the decree pro confesso. Appellant insists that the motion came too late and was not made with requisite diligence. But when a bill states no cause of action, a decree pro confesso amounts to nothing, and had as well not have been taken. Pease & Dwyer Co. v. Somers Planting Co.,

130 Miss. 147, 156, 93 So. 673. Hence there is no error in setting aside a decree pro confesso in such a case, however late during the progress of the case the motion therefor may come.

Affirmed.