QUIN *v.* MISSISSIPPI STATE HIGHWAY COMMISSION.

(In Banc. Feb. 8, 1943. Suggestion of Error Overruled March 1, 1943.)

[11 So. (2d) 810. No. 35198.]

412

ROBERDS and ANDERSON, JJ., dissenting.

Cassidy & McLain, of McComb, for appellant.

414

416

**Greek L. Rice,** Attorney General, by **Russell Wright,** Assistant Attorney General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This case is brought here on an appeal by the plaintiff in the court below from a judgment rendered by the cir-

cuit court of Pike County dismissing her suit, after a demurrer had been sustained to the declaration which alleges her ownership of approximately 165 acres of improved farm land situated just south of and abutting on the old Liberty and McComb Highway, which was a county public road at the time she purchased said land on December 31, 1929, and also when the defendant, Mississippi State Highway Commission, during the year, 1939, acting pursuant to Chapter 47, Laws of 1930, and amendments thereto, constructed, reconstructed, located, relocated, and changed the said old Liberty and McComb Highway, now known as Mississippi Highway No. 24— a newly paved highway—beginning at Fort Adams on the Mississippi River in Wilkinson County and running thence in an easterly direction through or near Woodville, Centerville, Gloster, Liberty, McComb, and other points until it intersects Mississippi Highway No. 63, in the eastern part of the state, at or near Leakesville, Mississippi.

The declaration further alleges that the defendant, acting through its duly authorized officers, agents, servants and employees, and under authority of law, relocated the said highway, during the year, 1939, between Liberty and McComb in such manner that the new paved highway now runs a distance of some five or six hundred feet north of the home and premises of the plaintiff so as to leave her residence and other improvements, which she had built at a cost of approximately $7,000, on a three-and-a-half mile link of the old Liberty and McComb highway, and thereafter abandoned the said link of the old Liberty and McComb public road on which the plaintiff and one other property owner reside, and has since refused to maintain the same and keep it in repair, and has tendered the said link of the old road back to the board of supervisors of Pike County for upkeep and maintenance; that the said board of supervisors has, by an order duly entered upon its minutes and made an

exhibit to the declaration, refused to resume jurisdiction over that part of the old road, and has expressly declared its intention not to keep up and maintain the same. The order or resolution of the State Highway Commission reciting the relocation and reconstruction of the said three-and-a-half mile link of the old road and the discontinuance of the use thereof by the Highway Department as not being coincident with the new paved highway nor a part of its right of way, and returning jurisdiction thereof to the board of supervisors for upkeep and maintenance, is also made an exhibit to the declaration. The order of the board of supervisors declining to resume jurisdiction of the said link of road after once being deprived of its jurisdiction by the legislature when the old road from Liberty and McComb was designated as a state highway, contains a recital which adjudicates that it will be necessary for this abandoned link of the old highway to be maintained for the use of the property owners and persons living on and along the said segment of road, but further recites that the board of supervisors is under no obligation to maintain and keep up the same and calls upon the State Highway Commission to continue the maintenance and upkeep thereof.

It is also alleged in the declaration that the defendant in relocating, reconstructing, altering, and changing the said highway, cut up the old Liberty and McComb Public road into small and short segments, thereby destroying the same as a public road to such an extent that no substantial highway is now left along the trace of the old Liberty and McComb public road, and with the result that the plaintiff is left isolated on the said three-and-a-half mile segment or fragment of said old Liberty and Mc-Comb public road; and that by the refusal of the defendant to maintain the old highway abutting on her said premises and by its abandonment of the same the plaintiff has been wrongfully deprived of a way of ingress and egress to and from her said home and premises, and that

the lands belonging to other persons are located between her home and premises and the new paved highway, whereas her said property theretofore abutted on the old highway, which, before its relocation and abandonment, was kept up and maintained by the defendant; that wherefore her property has been greatly depreciated in market value and substantially damaged by the said action of the defendant, and that she is entitled to be compensated for such damage under the provisions of Section 17 of the Constitution of the State of Mississippi of 1890 in the sum of $3,000, which the said defendant has refused to pay.

It is not alleged in the declaration that in reconstructing and relocating the said highway the defendant destroyed or rendered impassable the approaches of the said three-and-a-half mile link of the old road where the same leaves the new paved highway, but the complaint in regard to the plaintiff's being deprived of her way of ingress and egress to her home and premises appears to be based upon an allegation to the effect that there are four bridges located on the said three-and-a-half mile link of the old highway, all of which have been condemned, and that in order to repair or reconstruct the bridges to the east of the plaintiff's residence leading toward her market place at McComb, an expenditure of from ten to fifteen thousand dollars will be necessary, and that the board of supervisors is under no duty to maintain the said bridges or the link of the old highway thus abandoned. Moreover, the damages claimed under and by virtue of the said Section 17 of the State Constitution are specifically alleged to have been caused by the defendant "altering and changing the usual course of said highway, and by its refusal to maintain the old highway abutting upon her said premises and by abandoning the same" so as to deprive her of a way of ingress and egress to and from her said home, and leaving her home and premises surrounded by lands belonging to other persons over which she has no way of ingress and egress.

The basis of the plaintiff's claim for damages, above stated, brings about the necessity of our deciding the question as to whose duty it is, under the law, to now keep up and maintain this link of road after its abandonment by the defendant, the State Highway Commission, and to provide the plaintiff with a means of ingress and egress from her home and premises to the new paved highway now located at a distance of some five or six hundred feet in front of her residence. In the case of Wilkinson County v. State Highway Commission, 191 Miss. 750, 4 So. (2d) 298, 299, the court said: "When there has been a finished relocation and in consequence an abandonment by the Highway Commission of the old road, whence the abandoned road has reverted to the county and its board of supervisors, all jurisdiction and control of that road and all obligations of the Highway Commission in respect to it has ended; . . ." It is true that in that case there was involved the alleged right of the county to enforce compliance with a contract entered into between the county and the State Highway Commission and which contract was held to be unenforceable, nevertheless, the suit was by a bill in equity to compel the State Highway Commission to continue the maintenance of a portion of the road abandoned by the commission as part of a state highway, and from which state of case it necessarily follows that without regard to whether or not the Highway Commission was vested with authority at the time of the execution of such contract to make the same, the court would have granted relief under the general prayer of the bill if it had been of the opinion that aside from such contract the State Highway Commission owed the duty under the law, to continue to maintain the abandoned portion of the road after it had completed the new highway and had undertaken to surrender jurisdiction over the old road to the board of supervisors for future upkeep and maintenance.

In the case of Trahan et al. v. State Highway Commission et al., 169 Miss. 732, 151 So. 178, 183, the court

held that the statutes then in force respecting the highway system do not require that a state highway follow existing roads between points mentioned in the statutes (Laws 1924, chapter 278, as amended by Laws 1926, chapter 218; Laws 1928, Ex. Sess., chapter 45; Code 1930, section 4997), but that the State Highway Commission had the right and was under a duty to shorten the mileage of and eliminate the curves in the highway as it existed at the time the same was designated by the legislature as a state highway and placed under the jurisdiction of the said commission; that Section 170 of the State Constitution of 1890, as it was originally ordained, confers full jurisdiction over roads and bridges upon the boards of supervisors, but under the Laws of 1924, chapter 143, this section of the Constitution was amended to add thereto as follows: "Provided, however, that the legislature may have the power to designate certain highways as 'state highways,' and place such highways under the control and supervision of the state highway commission, for construction and maintenance;" that when the Highway Commission pursuant to such authority abandons the old highway abutting the property of the citizen and moves it away to another location under a statute authorizing the commission to construct, reconstruct, locate, relocate, change, and alter such old highway, there is no legal damage occasioned to such citizen as an abutting property owner by such removal or relocation of the highway "so long as there remains a public highway, maintained as such in substantially the same location." The court in that case made the observation to the effect that an allegation that the State Highway Commission will abandon the maintenance of the old highway is not equivalent to an averment that thereupon jurisdiction of the same will not be promptly resumed by the proper county authorities and will not then be maintained as a county public road; that under the facts alleged in the bill of complaint and disclosed by the exhibits in that

case, "if the board of supervisors of the county do their duty, as we must assume they will," the old road "will be continued as a public road and that is all under the law that abutting property owners are entitled to demand."

The distinction between that case and the case at bar is that we now have before us a complaint which affirmatively alleges, and the exhibits to which disclose, that the board of supervisors has declared its intention not to maintain the old road which ran along by the home and premises of the plaintiff, but where it is shown that the State Highway Commission has constructed and will maintain a new paved highway some five or six hundred feet from the old one, that is to say, in substantially the same location, although necessitating that some one provide access thereto from the home and premises of the plaintiff owing to the condition of the bridges on the old segment of the road at that point and the failure to maintain such old road. A further distinction between the present suit and the Trahan case is that in that case the old road was left intact for a distance of approximately eleven miles abutting the property of the complainants, who were seeking relief by injunction and not the recovery of damages under Section 17 of the State Constitution, whereas in the instant case, it is alleged, in effect, that the old road was not left intact, but was cut up into short segments so as to leave no substantial highway for the use of the property owners residing thereon. And the suit here is strictly one for damages under said section of the Constitution, and where the plaintiff is limited in her complaint to the situation prevailing in regard to the three-and-a-half mile link of the old highway running along by her home and premises, since she has been afforded a new paved highway from Liberty to McComb, except as to the three-and-a-half mile link in controversy.

In regard to the allegation in the declaration here which discloses the declared intention of the board of super-

visors not to maintain this portion of the old highway, and which distinguishes the declaration from the complaint in the Trahan case, as aforesaid, it must be said that the refusal of the board of supervisors to maintain the same, even if such failure can be justified under the allegation that only two property owners reside on such link of the old highway and that the expense of repair and maintaining the four bridges would be an unjustified expenditure of the public funds, and would not affect the liability of the State Highway Commission if its jurisdiction and control of the old highway and all obligations in respect to it ended in consequence of its abandonment thereof and its surrender to the county and board of supervisors, as was held in the case of Wilkinson County v. State Highway Commission, supra.

In expressing the foregoing views, we are not unmindful of the decision of this court in the case of Morris v. Covington County, 118 Miss. 875, 80 So. 337, wherein it was held that the abutting landowner on a public highway in the country has a special property right in the easement and free uses of the public road for access purposes, and when he is deprived of this property right by an abandonment of the highway by the county authorities, he is entitled to special compensation on account of such abandonment as being a taking or damaging of private property for public use within the constitutional inhibition of Section 17 of the State Constitution. In that case the declaration alleged that the board of supervisors of Covington County adopted an order vacating and abandoning a certain public highway leading from the town of Seminary across Okatoma Creek to and from the farm of appellant, leaving him without a way of ingress and egress from his said farm, such road being the one outlet by which said farm could be reached. This road, when abandoned, was under the jurisdiction of the board of supervisors, and whatever duty existed to maintain the same was one owing by such board on behalf of the coun-

ty; and it was held that the declaration stated a cause of action against the public authority whose duty it was to maintain the road and provide a means of ingress and egress for the plaintiff to his home and farm.

We are of the opinion that our view as to the non-liability of the defendant, State Highway Commission, in the case at bar is not in conflict with the holding in that case, since the legal injury or damage to the plaintiff in the present suit is alleged to be the failure and refusal of such defendant to keep up and maintain this link of the old highway and leaving the plaintiff without access to the new highway, whereas such duty to keep up and maintain the same and to provide a means of ingress and egress to the new highway, it is not a duty resting upon the said defendant.

But it is urged by counsel for the appellant in their brief that the question involved is not one of maintenance, but the duty to compensate the plaintiff for the damages sustained to the market value of her home and premises by reason of the relocation of the state highway. However, the things which are alleged to have caused such damage are the failure to keep up and maintain the old highway after the new one was relocated and constructed, thereby depriving the plaintiff of the right of ingress and egress, as complained of; and as heretofore stated, the order of the board of supervisors, made an exhibit to the declaration, declining to resume jurisdiction over this portion of the old road, contains an adjudication that it will be necessary for it to be maintained for the use of property owners and persons living on and along the said three-and-a-half mile link of highway which the highway commissioners had abandoned.

The mere fact that the plaintiff's home and premises have been left off of the new paved highway does not of itself afford a legal basis for the recovery of damages. Many mercantile store buildings, filling stations, residences, as well as entire towns and cities, are necessarily

left off of the new paved highways throughout the state during the progress and work of shortening the distance and eliminating curves in the network of our improved state highway system, but the damages sustained by the property owners thereof are not recoverable ''so long as there remains a public highway, maintained as such, in substantially the same location'' where the old highway existed. Trahan et al. v. State Highway Commission et al., supra; and in each instance the legal question involved is, whose duty is it to keep up and maintain the old highway after it is abandoned by the State Highway Commission, and where the public interest and convenience requires that the same be kept up and maintained.

The appellant correctly asserts that in order to afford a property owner relief under Section 17 of the State Constitution, it is not necessary that there shall be an actual taking of any portion of his or her property or that there be a physical invasion thereof, citing Smith v. Mississippi State Highway Commission, 183 Miss. 741, 184 So. 814; Parker v. State Highway Commission, 173 Miss. 213, 162 So. 162; Kwong et al. v. Board of Mississippi Levee Commissioners, 164 Miss. 250, 144 So. 693; White's Garage, Inc., v. Town of Poplarville et al., 153 Miss. 683, 121 So. 295; and Tishomingo County et al. v. McConville, 139 Miss. 589, 104 So. 452. But it is not contended that these cases are controlling on the precise issue now presented for decision, but only on the point as to whether there is to be an actual taking or physical invasion of property before there can be a recovery of damages, and as deciding that said constitutional provision is self-executing, that is to say, not requiring a legislative enactment for the payment of the damages in any particular manner that may be recovered in a proper case. In some of those cases the damages were allowed because of a change of a grade in a street or highway where the same was physically connected with and abutting on the property of the plaintiff, and the allowance of such damages

were due to the manner in which the construction was done, although the governmental agency was acting pursuant to lawful authority and carrying on the work in a proper manner.

However, it is not alleged that there was any physical change made so as to affect the status of the plaintiff's property in the case at bar other than that caused by its being left off the new paved highway and the subsequent failure to maintain the old road. The proper measure of the damages complained of is not the difference in the value of the plaintiff's property as now located and the amount that it would be worth if it were abutting the new paved highway, but rather the difference in its value as now situated and the amount that it would be worth if the old highway were being maintained as heretofore; and, as we have already said, the duty to so maintain the same does not rest upon the State Highway Commission.

The judgment of the court below in sustaining the demurrer and in rendering final judgment dismissing the suit upon failure of the plaintiff to amend her declaration must, therefore, be affirmed.

Affirmed.

DISSENTING OPINION.

**Roberds, J.**, delivered a dissenting opinion.

I am unable to concur in the majority opinion. It recognizes, as under the adjudicated cases by this court it must recognize, (1) that appellant has a special property right in the old public road and is entitled to damage upon the abandonment and failure to maintain it; (2) that this is such a property right as is protected by Section 17 of the Constitution of Mississippi; (3) that this Section includes damage to as well as appropriation of private property and that no actual physical taking or invasion of private property is necessary to entitle the

owner to damage; and (4) that the Highway Commission has heretofore paid for such non-actual taking damage out of its construction fund. These principles being established and admitted the only remaining questions are the amount of the damage and who is liable therefor.

As to the amount of damage this would be determined on the trial, or it may be that a road or outlet from appellant's home to the new highway can be acquired and constructed at small cost. She is entitled to either a road or damage.

As to who is liable, the demurrer admits the facts which are properly stated in the declaration. The declaration states, among other things, that the old road was taken over by the Highway Commission under an act of the legislature and that the commission "did destroy the old highway and public road as a public road . . ." and that the supervisors can not and are under no duty to "maintain said fragments and segments . . . of the old highway.

"The plaintiff further shows that she is left isolated on a segment or fragment of said old Highway No. 24 and McComb and Liberty public road, which fragment or segment is approximately three miles in length and on which live only two families, said segment or fragment partly located in Pike and Amite Counties.

"That there are four bridges located on said three mile segment, all of which have been condemned, and that in order to repair and/or reconstruct the bridges east of plaintiff's residence an expenditure of from ten to fifteen thousand dollars ($15,000.00) will be necessary."

It is true the declaration attaches as an exhibit thereto a copy of a resolution of the supervisors declining to maintain the road. It is suggested the resolution contradicts some statements in the declaration and that the exhibit controls, but in my view there is no contradiction material to the point under discussion. In other words, the declaration avers appellee took over and abandoned

and refused to maintain the road. Regardless what may be the facts upon a trial, this declaration states a case against appellee, for neither the sovereign nor any department thereof is exempt from liability under said self-executing Section 17, which provides ''private property shall not be taken or damaged for public use, except on due compensation being first made to the owner . . .'' It may be that both the Highway Commission and the county are liable to appellant as were the county and municipality in the case of Tishomingo County v. McConville, 139 Miss. 589, 104 So. 452, where the property owner was damaged by the lowering of the grade of the street in front of his property, the work being done by the county under agreement with the municipality. But, if so, this does not relieve appellee of liability. Appellant is helpless. She has no right to condemn, or go upon and construct, a road over the land of others. If and when she undertakes to hold the county liable it will likely say it is not liable because it turned over the old road under a mandate from the legislature and it had no discretion to do otherwise, and that the circumstances here are such that this is not a public but a private road and the supervisors would lay themselves liable for expending the public funds to maintain it. The test of liability as between the Highway Commission and the county may be that the Highway Commission is liable if the segment which is left of the old road cannot be maintained as a public road, and the county is liable if it can be, but is not, so maintained under a proper exercise of judicial discretion by the supervisors. But whatever the correct test is, as to which I express no opinion, this declaration states a case against the Highway Commission. The constitutional rights of appellant are in danger of being ground into dust between the upper and the nether stone.

**Anderson, J.,** concurs in this opinion.