WHEELER, et ux. *v.* STATE HIGHWAY COMMISSION.

Division B. Nov. 26, 1951.

No. 38058 (55 So. (2d) 225)

Raymond L. Burgess, for appellants.

610

Matthew Harper, Assistant Attorney General, and J. M. Kuykendall, for appellee.

**Alexander, J.**

The State Highway Commission, by eminent domain proceedings, expropriated for highway purposes 3.6 acres of land belonging to appellants. There was an original award of nine hundred dollars, and upon appeal to the circuit court a like award was made.

The assignments of error argued are (1) the verdict is against the overwhelming weight of the evidence; (2) exclusion of certain testimony; (3) errors in instructions; and (4) improper argument to the jury.

*The first assignment.* ▮▮ ▮ The testimony as to damage ranged from $742.50 to $3,500. The former figure was estimated by an engineer employed by appellee who detailed the several items of damage. The latter estimate was made by the appellants who did not itemize their appraisals but explained in general terms that this was a lump sum based upon what the land was worth to them. Other witnesses for appellants stated their estimates in like manner. Some witnesses stated generally that their estimates were based upon the value of the land before and after the taking, although all were stated "in a lump sum", without elaboration.

A view of the premises was requested and the jury made an inspection. In view of all these considerations, we find no substantial basis for displacing the award. Smith v. Mississippi State Highway Commission, 183 Miss. 741, 184 So. 814.

*The second assignment.* ▮▮ ▮ The witness, M. L. White, was questioned as to the future plans of the Commission with regard to maintaining the existing highway which ran in front of the property of appellants.

The court sustained an objection thereto. There was no error here. There was no testimony as to anticipated loss of business by the owners who operated a store on the premises. Moreover ██ ██ the Commission is authorized to relocate highways in the public interest and is under no duty to maintain the old route. Wilkinson County v. State Highway Commission, 191 Miss. 750, 4 So. (2d) 298. Furthermore, ██ ██ the Commission is without authority to agree with a county to maintain an existing highway indefinitely. Upon its abandonment the former road reverts to the county. It is not liable in damages for such abandonment. Quin v. Mississippi State Highway Commission, 194 Miss. 411, 11 So. (2d) 810. There remained reasonable access to both the old and the new routes. ██ ██ Recognition is not denied to the right of a landowner in a proper case to recover for a direct damage occasioned by actual impairment of ingress, yet this is a factor to be taken in account in applying the "before and after" rule.

*The third assignment.* ██ ██ It is complained that the trial court erred in excluding by instructions consideration of any loss of profits from business which appellants may suffer. In the first place there was, as above stated, no direct testimony as to loss of business or profits. Such contention must rest, if at all, upon the incident that the store building would not front upon the new highway. Any consideration of this latter factor was left to the jury in assessing residual damage. Whether the owner would relocate his buildings is commended solely to his judgment. The end result of the taking leaves open the necessity or desirability of such relocation, and if disadvantage should appear to the jury, it was left free to integrate this fact into its estimate of the over-all depreciation in the market value of the property. The instructions complained of, taken with other charges given to both parties, made it clear that separate items of damage were not to be taken into

account except insofar as they threw light upon the difference in value before and after the taking.

■■ The following instruction was given for appellee: ''The court instructs the jury for the petitioner in this case that you are not to take into consideration in fixing compensation and damages, if any, shown by the evidence to the store building, the residence and other buildings which are now located on said Parcel #1 facing old highway 25 by the fact that the new highway will be constructed in such a way so as to leave said buildings remaining on old highway 25 as presently located.''

It would have been appropriate to refuse this instruction because of its ambiguity. The jury has a right to take into consideration any element which will affect the fair market value of the land remaining. Yet, such ambiguity is cured by other instructions which lay down the proper ''before and after'' rule. Further curative effect is furnished by the appellants' instruction number 2 as follows: The Court instructs the jury for the landowner that in this case you may consider the use to which the land is being put, its adaptability for particular purposes, and that if such use or particular adaptability affects the fair cash market value of the property after the taking by the Highway Commission, then you shall award damages to the landowner in the sum you deem the use and adaptability is affected, based on the fair cash market value after the taking.''

■■ Their instruction number 3 allows the jury to take into consideration any inconvenience to the landowner provided it affects the fair market value. Apart from the uncertainty, especially under this record, of estimating the extent and value of personal inconvenience, it is a comment upon a special phase of the testimony and is, at most, hazardous. Mississippi State Highway Commission v. Dodson, 207 Miss. 229, 42 So. (2d) 179.

It should repeatedly be emphasized that subjects which are relevant as testimony are not thereby appropriate for instructions. Although every factor affecting a depreciated market value may be put in evidence, the ultimate issue is the extent of their cumulative impact upon such total valuation. When they are made subjects of special comment in instructions, there is not only a violation of Code 1942, Section 1530, but this results in a duplication of damages. State Highway Commission v. Day, 181 Miss. 708, 180 So. 794; State Highway Commission v. Corley, 186 Miss. 437, 191 So. 119; Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So. (2d) 475. We do not imply, however, that it may not be appropriate to eliminate from consideration such factors as, for example, those which effect only the personal reactions of the owner. It should be assumed that the jury may and will take into consideration all testimony admitted by the court, and the procedure in this sort of case would be simpler and safer if the juries could be instructed that the damage is to be computed upon the basis of the difference between the fair market value of the entire property affected before and after the taking. The several items of damage should be left to the fields of testimony and argument.

*The fourth assignment.* ▇▇ ▇ Error was assigned for an alleged improper argument to the jury by the appellee. In substance reference was made as to the damage on account of loss of profits and the absence of any necessity to relocate the buildings. The basis of the objection was that there was no evidence of any loss of profits, which concession lends additional support to our ruling upon the second and third assignments. The court at the request of the appellants directed the jury to disregard this argument. No prejudicial error can be detected.

We find no reversible error in this record.
Affirmed.

**Hall, J.,** took no part in the decision of this case.