# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-IA-01303-SCT

*ST. ANDREW'S EPISCOPAL DAY SCHOOL*

*v.*

*MISSISSIPPI TRANSPORTATION COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/4/2000 |
| TRIAL JUDGE: | HON. WILLIAM STRATTON AGIN |
| COURT FROM WHICH APPEALED: | MADISON COUNTY SPECIAL COURT OF EMINENT DOMAIN |
| ATTORNEYS FOR APPELLANT: | STEVEN TIMOTHY GRAY |
| | CRANE D. KIPP |
| ATTORNEYS FOR APPELLEE: | ALAN M. PURDIE |
| | JAN F. GADOW |
| | DION JEFFERY SHANLEY |
| | JOHN L. GADOW |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | AFFIRMED AND REMANDED - 02/07/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/28/2002 |

**BEFORE SMITH, P.J., COBB AND DIAZ, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. On August 31, 1998, the Madison County Special Court of Eminent Domain issued its order granting the Mississippi Transportation Commission (MTC) the right of immediate title and possession to a tract of land owned by St. Andrew's Episcopal Day School (St. Andrew's). On May 18, 1999, St. Andrew's filed a motion to set aside the order and a motion to dismiss the complaint, the amended complaint, and the second amended complaint, and objected to MTC's resort to pretrial acquisition of title and possession. The lower court overruled St. Andrew's motion to dismiss, but granted its motion to set aside the order granting immediate title and possession. MTC then amended its complaint, and St. Andrew's renewed all previous objections and motions regarding the exercise of eminent domain powers by MTC. On July 24, 2000, the lower court denied St. Andrew's renewed motion to dismiss and entered an order granting right of immediate title and possession.

¶2. St. Andrew's then filed a motion for interlocutory appeal of the special court of eminent domain's denial of its motion to dismiss and grant of immediate title and possession, which was granted by this Court along with St. Andrew's motion to stay proceedings pending resolution of this appeal.

¶3. St. Andrew's cites the following issues on appeal:

**I. WHETHER MTC EXCEEDED IT STATUTORY AUTHORITY TO CONDEMN LAND UNDER THE POWER OF EMINENT DOMAIN.**

**II. WHETHER STRICT CONSTRUCTION STANDARDS WERE VIOLATED.**

**III. WHETHER MTC'S CONDEMNATION OF ST. ANDREW'S PROPERTY CONSTITUTED A PUBLIC NECESSITY**.

## FACTS

¶4. The MTC acquired the subject land through its power of eminent domain for the purpose of completing a project to reconstruct the obsolete interchange on I-55 at Jackson Street in Ridgeland, a part of the state highway system in Madison County. MTC found the subject property to be necessary to this project in order to expand I-55.

¶5. The property in the case at hand is located in the northwest quadrant of the Old Agency Road and Highland Colony Parkway intersection in Madison County. Old Agency Road lies to the south, and Highland Colony Parkway lies to the east. This project also includes construction of a round-about at this intersection, and MTC claims that the proposed right-of-way site flares on the subject property are necessary to complete the project.

¶6. The Mississippi Department of Transportation (MDOT) assistant chief engineer of preconstruction testified, at a hearing on another eminent domain case arising out of the same project, as an expert in the field of traffic engineering and engineering administration. He explained that once the commission approves a state highway project and determines necessity, it is not necessary to return to the commission for approval of each step of the project. The subject project was approved on the "three-year plan" beginning in 1992. The three-year plan begins with location studies which investigate and narrow down potential property which will be used to complete the project.

¶7. A roadway design division engineer with MDOT also testified that the project was approved although it affects other roads. An MDOT assistant maintenance engineer testified that the state highway system is being extended on the west side of the I-55/Jackson Street/ Old Agency Road interchange to include the site flares on the St. Andrew's property. The state highway department will be responsible for maintenance of this property. The executive director of the MDOT testified that it is sometimes necessary to take property outside the existing right-of-way in order to improve the safety of the state highway system.

## LEGAL ANALYSIS

¶8. An eminent domain judge is the finder of facts in determining whether to grant a motion to dismiss a petition for eminent domain. *American Tel. & Tel. Co. v. Purcell Co.*, 606 So.2d 93, 95-96 (Miss.1990). The standard of review is whether the trial judge had a sufficient basis for his or her decision. *Mayor v. Thomas*, 645 So.2d 940, 941-42 (Miss.1994).

**I. WHETHER MTC EXCEEDED IT STATUTORY AUTHORITY TO CONDEMN LAND UNDER THE POWER OF EMINENT DOMAIN.**

¶9. St. Andrew's argues that MTC cannot acquire the piece of its property that is located at the northwest quadrant of the intersection of two city streets because it is not contiguous to the property currently within the right of way of MTC. The lower court denied St. Andrew's motion based on its finding that MTC's purpose for acquiring St. Andrew's property was reasonable and necessary to relieve congestion from the intersection. However, the lower court also opined:

> Defendant also argues that MTC has exceeded its statutory authority to regulate, design and construct the interstate highway system in Mississippi by authorizing condemnation of land for an intersection of a city-county parkway and a city street. The intersection of Highland Colony Parkway and Old Agency Road lies approximately 350 feet from the western right of way of Interstate 55 where it intersects with Jackson Avenue/ Old Agency Road in Ridgeland. This issue is more problematic for the court to resolve. Statutes and case law refer to the authority of MTC "to regulate, design and construct" in terms of jurisdiction, the power to act. MTC asserts that it has the power to take control as far west on Old Agency Road as it wishes, even if Old Agency Road is a city street inside of Ridgeland City limits and a county road outside the city limits. Case law and statutes would seem to refute plaintiffs argument. See ***Quin v. Mississippi State Highway Comm'n***, 11 So. 2d 810 (Miss. 1945); ***State Highway Comm'n v. McGowen***, 198 Miss. 853, 23 S.2d 893 (1945); ***Stigall v. Sharkey County***, 207 Miss. 188, 42 SO.2d 116 (1949); and ***Hamilton v. Mississippi State Highway Comm'n***, 220 Miss. 340, 70 So.2d 856 (1959). See also Miss Code Ann. 65-1-61, 65-1-75(1) and (3), 65-1-147 and 65-7-1.

¶10. The power of eminent domain is the power of the sovereign to take private property for its own use. The government's exercise of this power is limited by procedural due process, which requires that the property be taken for a public use and that the owner be paid just compensation. U.S. Const. amend. V. This constitutional right to condemn property may be granted to designated public agencies by statute. ***Culley v. Pearl River Valley Water Supply Dist.***, 234 Miss. 788, 814-15, 108 So. 2d 390, 399-400 (1959).

¶11. Miss. Code Ann. § 65-1-8(2)(a) (19 ) provides:

> (2) In addition to the general powers, duties and responsibilities listed in subsection (1) of this section, the Mississippi Transportation Commission shall have the following specific powers:

> (a) To make rules and regulations whereby the transportation department shall **change or relocate any and all highways herein or hereafter fixed as constituting a part of the state highway system,** as may be deemed necessary or economical in the construction or maintenance thereof; to acquire by gift, purchase, condemnation, or otherwise, land or other property whatsoever that may be necessary for a state highway system as herein provided, with full consideration to be given to the stimulation of local public and private investment when acquiring such property in the vicinity of Mississippi towns, cities and population centers.

(emphasis added). Miss. Code Ann. § 65-1-47 provides:

> The State Highway Commission shall have complete authority to issue rules, regulations and orders under which the State Highway Department shall have control and supervision, **with full power and authority under rules, regulations and orders issued by the commission, to locate, relocate, widen, alter, change, straighten, construct or reconstruct any and all roads on the state**

**highway system heretofore or hereafter taken over by it for maintenance as a part of such system,** and shall have full and complete authority for regulating the making of all contracts, surveys, plans, specifications and estimates for the location, laying out, widening, straightening, altering, changing, constructing, reconstructing and maintaining of and the securing of rights-of- way for any and all such highways, and to authorize the employees of the State Highway Department to enter upon private property for such purposes.

**The State Highway Department, under the rules, regulations and orders spread upon the minutes of the State Highway Commission, is authorized and empowered to obtain and pay for the rights-of-way of such width as it may determine to be necessary for such highway or for any alteration or change therein or relocation thereof by agreement with the owners of such lands**. Rights-of-way of not less than sixty (60) feet wide shall be acquired except within the boundaries of towns and cities where unusual conditions exist, in which case the commission is authorized and empowered to have obtained and paid for such rights-of-way of such width as it may determine to be necessary. **Said commission may have condemned any and all land or other property needed for such purposes or either of them; may have condemned or acquired by gift or purchase lands containing road building materials and develop and operate pits, mines or other properties for the purpose of obtaining road material; and have condemned or acquired by gift or purchase lands necessary for the safety and convenience of traffic.**

Said commission, in case an agreement cannot be reached with the owners of land containing road building materials or of any additional land necessary for widening any existing public highways, for laying out a new public highway, or for changing the route of an existing public highway, as provided in the foregoing part of this section, shall be authorized to have condemned any land needed for either of said purposes, as is fully set forth in this section. (emphasis added).

¶12. St. Andrew's argues that MTC exceeded its statutory authority and in so doing, violated St. Andrew's constitutional rights under the Fifth Amendment to the United States Constitution and under Article 3, Section 17 of the Mississippi Constitution. Under common law, an agency's decision may be set aside if it (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is in excess of the statutory authority or jurisdiction of that agency, or (4) violates any vested constitutional right of any party involved. See *McDerment v. Mississippi Real Estate Comm'n*, 748 So.2d 114, 118 (Miss. 1999); *St. Dominic-Jackson Mem'l Hosp. v. Mississippi State Dep't of Health,* 728 So.2d 81, 83 (Miss. 1999); *Mississippi State Dep't of Health v. Mississippi Baptist Med. Ctr.*, 663 So.2d 563, 573 (Miss. 1995).

¶13. St. Andrew's and the lower court interpret these statutes to provide that MTC's authority only extends to the state highway system, portions of the interstate highway system maintained by it, the state aid road system and areas covered by cooperative agreements with various counties and municipalities under Miss. Code Ann. § 65-1-27. We disagree.

¶14. To widen or relocate a state highway, MTC would necessarily have to infringe on other land not already included in the state highway system. Therefore, the issue in this case is not whether MTC is authorized to take land not in the state highway system, but whether the taking was necessary. We find that MTC did not exceed its statutory authority to exercise the power of eminent domain over the subject property and, as will be discussed below in Issue III, the taking was necessary.

## II. WHETHER STRICT CONSTRUCTION STANDARDS WERE VIOLATED.

¶15. The power of eminent domain should be construed favorably to the landowner when there is doubt as to the condemnor's right to exercise the power. *Roberts v. Mississippi State Highway Comm'n,* 309 So.2d 156, 159 (Miss. 1975).

¶16. St. Andrew's argues that there is doubt as to MTC's right to exercise its power of eminent domain in this case, and MTC responds by arguing that there is no doubt as to its power. As discussed in the previous issue, there is no doubt as to MTC's power in this matter. Therefore, we find that strict construction standards were not violated.

## III. WHETHER MTC'S CONDEMNATION OF ST. ANDREW'S PROPERTY CONSTITUTED A PUBLIC NECESSITY.

¶17. There are three bases for dismissal of an eminent domain action: (1) plaintiff is not a legal entity entitled to the right of eminent domain; (2) there is no public necessity for the taking of the particular property; and (3) the contemplated use for the property is not a public use. Miss. Code Ann. § 11-27-15.

¶18. Pursuant to Miss. Code Ann. § 65-1-47, the MTC's eminent domain power is limited to the land "necessary" for the state highway system. "[P]ublic necessity is determined by a duly authorized governing body in its exercise of legislative power at the time the need is recognized . . . ." *Jackson Redevelopment Auth. v. King, Inc*., 364 So.2d 1104, 1110 (Miss. 1978). This legislative determination is for the condemning authority. *Governor's Office of Gen. Servs. v. Carter,* 573 So.2d 736, 738 (Miss. 1990); *Pearl River Valley Water Supply Dist. v. Brown*, 238 Miss. 4, 20, 156 So.2d 572, 578 (1963). Selection of the particular land to condemn as well as the amount of land necessary are legislative questions to be determined by the condemnor. *Carter*, 573 So.2d at 738; *King*, 364 So.2d at 1111; *Council v. Texas Gas Transmission*, 202 So.2d 916, 917 (Miss. 1967). The condemnor's determination of public necessity will be disturbed only when fraud or abuse of discretion is proven by the landowner. *Morley v. Jackson Redevelopment Auth.*, 632 So. 2d 1284, 1288 (Miss. 1994); *Paulk v. Housing Auth.*, 195 So. 2d 488, 491 (Miss. 1967); *Brown*, 248 Miss. at 20, 156 So.2d at 578. So long as the condemnor exercised its authority in a reasonable manner in adopting the plan to condemn, there will be no finding of abuse of discretion. *Mississippi State Highway Comm'n v. Jacob*, 192 So.2d 260, 262 (Miss. 1966).

¶19. MTC argues and the lower court found that the subject land is reasonably necessary to satisfy both the present and anticipated needs of the project, which include expanding and maintaining the state highway system for the safety and convenience of the traveling public. We agree. The lower court's ruling is affirmed.

## CONCLUSION

¶20. The applicable statutes clearly authorize MTC to exercise its power of eminent domain in a reasonable manner for the purposes of public necessity (including the management of traffic). As such, we find that MTC was within its authority to condemn the subject property owned by St. Andrew's. Therefore, we affirm the order of the Madison County Special Court of Eminent Domain denying St. Andrew's motion to dismiss and granting the MTC immediate title to and possession of the subject property, and we remand this case to that court for further proceedings consistent with this opinion.

¶21. **AFFIRMED AND REMANDED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**