MISSISSIPPI STATE HIGHWAY · COMMISSION *v.* STRINGER

No. 41646          January 16, 1961          125 So. 2d 830

*Beard, Pack* and *Ratcliff*, Laurel, for appellant.

*Deavours & Hilbun,* Laurel; *Edward J. Currie, Sr., Edward J. Currie, Jr.,* Hattiesburg, for appellee.

GILLESPIE, J.

In an eminent domain proceeding in county court, appellee, the landowner, was awarded a verdict for $1533.50. Mississippi State Highway Commission, appellant, appealed to circuit court where a remittitur was ordered by the court and entered by appellee reducing

the judgment to $1077.00. The Commission appealed to this Court and contends (1) that appellee's witness Mc-Duffie was not qualified to testify as to land values, and (2) that the judgment of $1077.00 entered in the circuit court is excessive.

Appellee owns forty acres of land consisting of a quarter-quarter section located in a rural area in the south part of Jones County, about seven or eight miles south of Ellisville, about one and a half miles from Moselle, and about a half mile west of the present U. S. Highway 11. The land is generally level with about twelve acres of small timber on the south part. The balance has some small pine seedlings, some of which are as large as five inches in diameter, and part of the land is suitable for pasture or cultivation. It has some clover on parts of it but no improved pasture. The only improvements on the land is an old barn in poor condition and which is not being disturbed, and a fence around the land which also appears to be old and in poor condition. The land was not being used at the time of the trial. It was described by some of the witnesses as having the appearance of an old field. The 40 acres in question is bordered on the north by a county road running east and west. The purpose of the taking here involved was to relocate this road so as to make it curve slightly to the south from a point 840.36 feet west of the northeast corner of appellee's land. The parcel being taken by the Commission consists of 1.6 acres, being that part of the 40 acres lying north of a line beginning 50 feet south of a point 840.36 feet west of the northeast corner and running easterly in a slight curve to the right to a point 249.4 feet south of the northeast corner. The relocated road is to be constructed along this curved line adjacent to appellee's remaining land and the level of the relocated road will be about the same grade as the present road. The drainage will be the same. The fence being taken is not to be replaced. No access rights are being taken. The area being taken

by the Commission is covered with small pines less than merchantable size.

Appellant introduced two qualified appraisers who valued appellee's land before the taking at $3500 and $3600 respectively, and the value after taking as $3200 and $3300 respectively, or a difference of $300. One of these witnesses testified the recent sale of similar land in the area was about $100 per acre.

Appellee testified the land was worth $8,000 before the taking, or $200 per acre, and $4500 after the taking of the 1.6 acres, or damages of $3500. He admitted that the only difference before and after the taking of the 1.6 acres, except for the land taken, would be that the road along the north side would be a State road instead of a county road. Appellee introduced witness McDuffie, who valued the land at $7500 before the taking and $4100 after the taking, or a difference of $3400. Witness McDuffie admitted that he was not an appraiser. He was a farmer who owned and lived on 80 acres of land about one-half mile distant from the subject property, and his purchase of that 80 acres of land about eight years ago, and the sale of another farm, was his only qualifications as an expert on land values.

There is nothing in the record to show that appellee's remaining land was damaged. His sole damage consisted of the taking of the 1.6 acres off the north side of the east 840.36 feet of the tract plus the fence along that part of the north side of appellee's property. Appellee valued his land at $200 an acre before the taking. There is no basis or justification in the record for a judgment of $1077 in this case, and the allowance of such sum is excessive to the extent that it is shocking to the conscience.

While the witness McDuffie did not qualify as an expert, we think it was not reversible error to admit his testimony. Board, etc. v. Nelms, 82 Miss. 416, 34 So. 149. We think that a judgment of $577 would be justi-

fied under the evidence, and in order that appellee may have an opportunity, if he so desires, to dispose of this litigation, this Court will affirm the judgment for $577 if appellee will enter a remittitur within fifteen days in the sum of $500. Otherwise the case will be reversed and remanded.

Affirmed with remittitur.

*Hall, P.J.*, and *Arrington, Ethridge & McElroy, JJ.*, concur.