MISSISSIPPI STATE HIGHWAY COMMISSION *v.*
WINDHAM et ux.

No. 41788          April 10, 1961          128 So. 2d 577

*Beard, Pack & Ratcliff,* Laurel, for appellant.

■■■■■■■■■■ 3

■■■■■■

F. B. Collins, Wm. Harold Odom, Laurel, for appellees.

GILLESPIE, J.

This appeal is from a judgment of the Circuit Court of the First Judicial District of Jones County, which

affirmed a judgment of the County Court in the sum of $1,700 in an eminent domain case in which the Mississippi State Highway Commission condemned 1.59 acres of land in the corner of a 68.5 acre tract of land belonging to the appellees, and severed less than an acre from the remainder of the said 68.5 acre tract.

The 1.59 acres taken are in the southwest corner of the 68.5 acre tract, and these two small parcels of land are so located as to leave severed from the 68.5 acre tract two small triangular parcels of land in the southwest corner of the said larger tract.

The two small parcels which will be severed from the remainder of the land of the appellees contain .31 of an acre as the northern parcel and .6 of an acre as the southern parcel.

On the west side of the 68.5 acre tract is located Old U. S. Highway 11, which is being left for use as a graveled road and forms the western boundary line of the appellees' land. The present U. S. Highway 11 pretty well equally divides the east half from the west half of appellees' 68.5 acre tract, and as we understand from the record the present U. S. Highway 11 is to continue in use as it now is—an improved road for public use. On the east of this present U. S. Highway 11 there are 14 acres of good land in cultivation and the remainder of the land to the east of the said U. S. Highway 11 is woodland. On the west side of this present U. S. Highway 11 there is a 6 acre field along the northern boundary, and which was a corn field at the time of the institution of this proceeding, and the remainder of the land on the west side of the present U. S. Highway 11 is open land and suitable for cultivation, although only 6 acres thereof has been in cultivation in recent years.

There is some proof that the two parcels of land being taken for right-of-way purposes as well as the two triangular parcels that are being severed by the right-of-way from the remainder of the 68.5 acres had been

disced at the time of the institution of this proceeding, but none of the same was shown to have been actually in cultivation. The highway for which the two parcels are condemned for right-of-way purposes is an approach in a northwesterly direction from the present U. S. Highway 11 across Old U. S. Highway 11, to the proposed new U. S. Highway 11.

While there is some confusion in the pleadings as to whether or not this suit seeks to condemn the access rights to and from the two parcels being taken, the case was tried upon the theory that the appellees are not to be deprived of any access rights onto or off of the two parcels so condemned. The witness McLemore, an employee of the Highway Commission, so testified and on the basis of his testimony we hereby adjudicate that no access rights to the said two parcels of land taken by this proceeding are taken away from the appellees and that if the appellant Mississippi State Highway Commission should at any time hereafter desire to acquire from the appellees their access rights to the highway, of which these two condemned parcels of land constitute a part, it would be necessary that the same be first condemned by the appellant Mississippi State Highway Commission.

No part of the 14-acre field on the east side of present U. S. Highway 11 is to be taken or in any manner interfered with in the construction of the approach through the lands of the appellees to the new freeway where the new U. S. Highway 11 is being constructed. This is likewise true as to the 6-acre corn field in cultivation on the west side of the present U. S. Highway 11. The same is also true as to the residence, barn and the two other small buildings near the residence. In other words, as we understand the record, none of the land which has been in cultivation in recent years and none of the improvements of the appellees are being taken or disturbed under this proceeding.

■■ The appellant requested, and the court refused, an instruction that the jury should not allow the defendants "any amount of damages to the land remaining after the taking unless you believe from a preponderance of the evidence in this case that the remaining land will be damaged by the taking of the 1.59 acres". We do not think that it was error to refuse this instruction since it was for the jury to determine whether or not the remaining land had been damaged by the taking of the two small severed parcels hereinbefore mentioned in addition to the two parcels that were condemned.

■■ It is also complained as error the overruling of the objections of the appellant to the testimony of Mr. Windham and Messrs. Blackledge and Carter. If the case should be retried, the witness Windham should not be permitted to testify as to any sentimental value that the land might have to him, nor should the witness Blackledge be permitted to base his estimate of the before and after taking value on what the land would produce. ■■ The testimony of these three witnesses may not have had much probative value, but we think that they were qualified as witnesses to give their opinion as to the before and after taking value of the land for whatever their opinions may have been worth in the light of their admitted lack of knowledge of certain factors relating to such value.

■■ However, the Court has concluded that the verdict is so grossly excessive as damages for the taking of 1.59 acres of land and the severing from the remaining land two parcels of a total area of less than one acre, as to shock the enlightened conscience of the Court and to evince bias, passion and prejudice on the part of the jury, and that mainly for this reason the judgment appealed from should be reversed unless the appellees shall enter a remittitur within ten days from this date reducing the amount of the judgment from $1,700 to $850; that the cause should be reversed and remanded for

a new trial unless such remittitur should be entered. Cf. Highway Comm. v. Stringer, 125 So. 2d 830.

Affirmed with remittitur.

*McGehee, C.J.*, and *Kyle, Arrington,* and *Ethridge, JJ.*, concur.