Mississippi State Highway Commission *v.* Ladner

No. 42190 February 12, 1962 137 So. 2d 781

280

*Tate Thigpen, G. B. Keaton,* Picayune; *Matthew Harper,* Asst. Atty. Gen., Jackson, for appellant.

*Morse & Morse,* Poplarville, for appellees.

GILLESPIE, J.

This is an appeal by Mississippi State Highway Commission from a judgment in an eminent domain proceeding. The jury in the special court of eminent domain returned a verdict for $18,000. The Mississippi State Highway Commission appealed to circuit court where the jury returned a verdict for $23,000 damages. The Commission appealed to this Court.

Appellee, Oscar Buren Ladner, owns 140 acres of land in Pearl River County. There are two residences on the property, one of which is used as storage. There are two dairy barns, a large hay barn and various other out buildings on the land. The Mississippi State Highway Commission condemned a right-of-way across the property for construction of a limited access highway. A local road runs east and west through appellee's land and will connect with an interchange located partly on

the property being condemned. The right-of-way being condemned runs diagonally across the south forty acres owned by appellee and also takes a part of two other forties. Most or all of the property condemned is rolling, cut-over land which has had the stumps removed and which has never been in cultivation. The farm was formerly used as a dairy and is suitable for such use both as to the land and the buildings thereon. The land actually taken in these proceedings totals 17.84 acres and 15.5 acres will be severed and to which appellee will have no access except through lands belonging to others. The land severed is of the same type as that taken. Appellee will have 107 acres of land left east of the right-of-way where all the buildings are located, none of which are taken.

Appellant offered four appraisers who gave their opinions of the before taking value of the entire property ranging from $22,050 to $41,725, the after taking value of the remaining property from $16,876 to $36,875, with resulting damages from $4,400 to $5,174. Appellee introduced four witnesses on values who gave their opinions that the before taking value of the entire property was from $50,000 to $68,000. Only one of these witnesses gave an after taking value. They estimated appellee's damages from $24,842 to $33,625.

██ █ Appellant contends it was error to admit the testimony of Levander Ladner who testified for appellee on the question of values. He testified he lived near the subject land and had farmed some of it for five years; that it was good hill land. He was asked if he was familiar with land values in the vicinity and he said, "I don't know. I haven't bought none lately." He also testified that "I don't know what anybody sells land for out there." Over objection, he was allowed to testify that appellee's place was worth about $50,000 before the taking, and that it would be worth about half of that after the taking. He gave no after taking value of the

remaining land. This witness candidly admitted that he did not know land values and his testimony on values should not have been admitted. █ His testimony that the land would yield 75 bushels of corn per acre was admissible. Board of Levee Commissioners v. Nelms, 82 Miss. 416, 34 So. 149; Mississippi State Highway Commission v. Stout, 134 So. 2d 471. We know of no authority from the admission of opinion testimony on values when the witness states he does not know land values, and reason compels the rejection of such testimony.

 █ The next two assignments of error relate to the admission of the testimony of O. A. Davis and appellee. Appellant contends that neither of these witnesses were qualified to testify as to values. We do not agree with this contention, however, neither they nor Levander Ladner testified in accordance with the rule that the measure of damages is the difference between the fair market value of the entire property before the taking and the fair market value of the land remaining after the taking, without taking into consideration general benefits or injuries resulting from the use to which land taken is to be put that are shared by the public generally. Neither of said witnesses gave an opinion of the after taking value of the remaining land. Levander Ladner fixed the damages by reducing the value fifty percent on account of the taking. Appellee arrived at damages of $25,412 by depreciating the remaining land and adding this depreciation to the actual value of the land taken and severed, figured on a per acre basis. Davis arrived at his estimate of damages somewhat similar to the method used by appellee. Neither of these witnesses gave any opinion as to the fair market value of the land remaining after the taking.

 █ There is no objection if a witness gives his opinion of the before value without giving the after value or the after value without giving the before value.

These two basic figures may be proved by different witnesses, leaving to the jury the simple matter of deducting the after value from the before value. Appellee argues that if the jury can thus make a subtraction to arrive at damages, it can subtract damages from the before taking value and arrive at the after value. But the fallacy in this argument is the assumption that the witness may give the amount of damages without an after value, for this may not be done under the before and after rule. The amount of damages is the ultimate fact sought, and if that can be given without following the before and after rule there would be no need to determine the after value.

In Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565, this Court adopted the so-called before and after rule as the formula for measuring compensation or damages to be awarded the landowner when a part of his land is taken for public use. In that case it was held error to allow the landowner's witness to arrive at the after taking value by deducting from the before taking value the value of the land taken and the amount the landowner would be damaged because of specific injuries to the remaining land. All of appellee's witnesses did practically the same thing in the present case, except that three of them did not mention an after taking value.

██ ██ There is some misunderstanding as to what a witness may testify to regarding specific injuries to the remaining land which tend to depreciate its fair market value. We believe a careful reading of *Hillman,* Wheeler v. Mississippi State Highway Commission, 212 Miss. 606, 55 So. 2d 225, Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So. 2d 475, Mississippi State Highway Commission v. Strong, 129 So. 2d 349, and Mississippi State Highway Commission v. Stout, 134 So. 2d 471, will furnish a sufficient and understandable guide in this respect. Every factor having a legi-

timate bearing on the before or after value of the land may be put in evidence. This includes specific items affecting the depreciated value, but they may not be shown as separate items of damage. ██ ██ Such specific items may be shown by the testimony if the witness testifies in accordance with the before and after rule and connects such specific items with the before and after fair market values, and considers them only as bearing upon such market values.

██ ██ Appellee's witnesses did not arrive at the damages in the manner required by the above cited cases and it was reversible error to admit their testimony on damages.

The amount of damages awarded is claimed to be so excessive as to evince passion, bias, and prejudice on the part of the jury. We agree that the amount is grossly excessive, but since the case must be reversed for other reasons it is unnecessary to discuss this assignment of error.

██ ██ Appellee filed a cross-assignment of error. He contends the lower court erred in not admitting the testimony of witnesses Myles and Landrum, who were landowners from whom appellant had purchased rights-of-way for the same highway in the same area where appellee's land is located. He also contends that he should have been allowed to cross-examine appellant's appraiser Morgan in order to show how Morgan arrived at his appraisal of the Myles and Landrum properties. Appellee contends the admission of this testimony would have impeached appellant's appraisers. No error was committed in refusing to admit this testimony. In Dantzler v. Mississippi State Highway Commission, 190 Miss. 137, 199 So. 367, the Court said:

''In State Highway Commission v. Buchanan, 175 Miss. 157, 189, 165 So. 795, 166 So. 537, it was foreshadowed that, when the questions were squarely presented and became necessary to decision, we would hold such evi-

dence inadmissible; and we now expressly so hold. We have, upon full consideration, concluded that the better rule is that which is supported by the weight of the authorities, namely, 'that the price paid in settlement of condemnation proceedings or the sum paid by the condemnor for similar land, even if proceedings had not been begun, is not admissible. Such payments are in the nature of compromise, to avoid the expense and uncertainty of litigation, and are not fair indications of market value.' 18 Am. Jur., p. 996, and annotations 43 L.R.A., N.S., 985.''

Reversed and remanded on direct appeal; affirmed on cross-appeal.

*Lee, P. J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.