MISSISSIPPI STATE HIGHWAY COMMISSION, PETITIONER-APPELLANT v.
MRS. IRENE R. ULMER, ET VIR, APPELLEES-DEFENDANTS

No. 43284 January 25, 1965 171 So. 2d 126

*J. M. Travis,* Heidelberg, for appellant.

*McFarland & McFarland,* Bay Springs, for appellees.

PATTERSON, J.

Appellees, Howard Ulmer and wife, are the owners in fee simple of the lands described as the S½ of the SE¼ of Section 1, Township 10 North, Range 11 West, First Judicial District of Jasper County, Mississippi. The two quarter-quarter sections involved are irregular in size and together contain 101 acres of land.

The Mississippi State Highway Commission, appellant, filed eminent domain proceedings for condemnation of a right-of-way for highway purposes across this land. The right-of-way, which varies in width from 430 to 490 feet, contains 18.22 acres and traverses the eastern portion of defendants' property in a slightly north-

east and southwest direction. Eleven and one-half acres of the defendants' land lie east of the condemned land and 71.28 acres lie west thereof, upon which is located the residence of the defendants, which is some 500 feet from the right-of-way.

The area is composed of hills and hollows and the eastern and western extremities of the condemned land are composed of either fills or cuts varying in height from ground level to ten feet for the fills and from ground level to thirty feet in depth for the cuts. The right-of-way boundaries are to be fenced and there will be no accessway from the defendants' lands to the highway or across it. The present roadway used by the defendants in passage from their residence to the eastern portion of their land will be closed by the highway. The defendants' nearest approach to the 11.50-acre tract will be in excess of five miles and will be further burdened by the fact that the land east of their lands, and which could be used as an entranceway by the defendants, is private land bearing "No Trespassing" signs thereon and through which they presently have no right of ingress or egress. The evidence does not describe the defendants' land in any great particular, but the eastern half thereof is generally characterized, that is, the condemned portion and the 11.50-acre tract, as being timbered land.

After hearing, which included an inspection of the property by the jury, a verdict was returned for the defendants in the sum of $11,500.00.

The appellant assigns as error (1) the introduction of incompetent and prejudicial testimony by the defendants, (2) the argument of the attorney for the landowners was improper and prejudicial, and (3) the award by the jury in the sum of $11,500.00 is grossly excessive.

█ █ The appellant first urges as error the introduction of evidence by the defendants as to the proportionate amounts the Federal Government and the State of Mississippi would pay for the land and damages. Though

this was prejudicial, appellant is not in a position to raise this question because it did not object, thus waived the point, and as a matter of fact by its own questions invaded the area of proportionate payments itself. See *Mississippi State Highway Commission vs. Stout,* 242 Miss. 208, 134 So. 2d 467 (1961).

 █ Testimony was introduced by the defendants that during the clearing of the right-of-way on the condemned land a bulldozer used in such clearing process was permitted to leave the right-of-way a distance of more than 100 feet and to cross 50 or more acres of the defendants' land with its blade down, thus causing considerable property damage to the defendants. An objection was interposed to this evidence by the Commission, the basis for such objection being that the Commission had let by contract the clearing of this right-of-way and thus was not liable for the negligence, if any, of the contractor. The admission of this testimony was prejudicial to the appellant as the action of the contractor, if true, in permitting a bulldozer to trespass upon the defendants' land was clearly the negligence of the contractor for which the State Highway Commission could not be held to account or to respond in damages in this an eminent domain proceeding, █ where the rule as to the ascertainment of damages has been repeatedly held by this Court to be the difference in the value of the land before the taking and after the taking.

 █ The next assignment of error is that the argument made by the attorney for the appellees was improper and prejudicial, to which objection was made at the time and to which the court replied by directing the arguing attorney to stay in the record. No motion for a new trial or mistrail was made at the time, but rather a motion for a general bill of exception was made after the jury returned its verdict. The argument was improper and prejudicial, but the point was not preserv-

ed for consideration by this Court as a motion for a mistrial was not then and there made. The case of *Brush v. Laurendine,* 168 Miss. 7, 150 So. 818 (1933) at page 12 thereof in dealing with improper arguments, has this to say: "If upon the objection the judge sustains it, and directs the jury to disregard it, or uses such terms that it may be regarded as fairly certain that the jury has been made by the court to understand that they must, in considering the case, put out of their minds that part of the argument which has been improper, then this will cure the error in the argument. But if counsel persist in the same harmful argument, or resort to resentful and harmful retorts, or if the admonition of the court has not been fairly of such character as would be calculated to cure the error, or if the mischief be ineradicable, the objector must then and there move for a mistrial. When the judge has taken definitely active steps to right the wrong, the objector is not permitted to remain then quiescent on the point, and later, when he has lost the verdict, to return and take up the objection." ██ █ The prejudice to the appellant here by improper argument was ineradicable and a motion for mistrial should have been then and there made to preserve the point. We note further in Brush *supra,* 168 Miss. at 13, that the admonishment by a court to counsel "to stay in the record," though the equivalent of sustaining an objection, was not sufficient to erase the harmful influence of improper argument to the jury since it was not directed to the jury, but rather was directed to counsel. We conclude that this assignment of error is not well taken as it was not preserved by timely motion for a mistrial.

██ █ The appellant next argues that the award of the jury in the sum of $11,500.00 is grossly excessive. The testimony of the witnesses for the state and landowners varies to the extent that it is incredible when given solemn consideration as to the nature and type

of land involved. The sole testimony as to values and damages was as follows:

| Name | Before Value | After Value | Damages |
|---|---|---|---|
| *For the State* | | | |
| J. W. Morgan | $23,750.00 | $20,120.00 | $ 3,630.00 |
| *For the Appellees* | | | |
| Frank Parrish | $99,487.17 | $65,567.17 | $33,920.00 |
| John Guy (Timber damages on right-of-way) | | | $ 2,120.49 |
| | Total Land and Damages | | $36,040.49 |

It is to be observed that the damages testified to by the witness Parrish do not include the sum of $2,120.49, the value of the timber removed from the condemned land, and that this amount must be added to the $33,920.-00 for a total of $36,040.49 damages for the defendants. No specific value was put upon the home of the defendants, but it is described in the evidence as being a modest home with one or two modest outbuildings. There is thus placed a before the taking value slightly in excess of $985.00 per acre upon the entirety of the 101-acre tract, not including the value of the right-of-way timber. By contrast the before value of the land, according to the testimony of J. W. Morgan, was $23,750.00. There is a difference therefore of $75,737.17 between the before taking value as testified to by Parrish, and as testified to by Morgan, upon relatively unimproved land consisting of 101 acres. In the absence of explanation as to unique or unusual value we find the valuation of $99,-487.17 incredible to the point of disbelief. The valuation of $23,750.00 by the appraiser for the State Highway Commission is likewise of no help to the Court inasmuch as this appraiser frankly admitted that one-third of the land was appraised by viewing an aerial photograph without actually viewing the land. The record is devoid of any assurance on his part that an appraisal of this

sort by aerial photograph is in fact accurate. We must, therefore, disregard this appraisal.

In view of the great discrepancies in the evidence as to the value of the land by the only two witnesses who testified, there being no evidence of comparable sales in the area, the landowners themselves not testifying, we are left in a state of confusion as to an approximate true value of the land before the taking so that we can arrive at an after the taking value in an effort to fairly and justly compensate the landowners for their loss of land and the incident damages. It is of course true that the jury viewed the property and fixed the damages. However, this verdict was blemished in our opinion by improper and prejudicial evidence and argument, and though we have heretofore held that this did not constitute reversible error since the points were not properly preserved for our consideration, we cannot blind ourselves to these errors to the extent that we can say the verdict was just and proper. We thus have no basis in the record upon which we can measure any damages. We therefore cannot say with any degree of certainty that the verdict was so excessive that it evinces bias or prejudice on the part of the jury. Neither do we have any yardstick by which we might attempt to ascertain a reasonable amount so that we might suggest remittitur with the thought that the cost and delay of a new rial might be avoided.

The cause is reversed and remanded for a new trial as improper and prejudicial testimony was permitted to be introduced for consideration of the jury.

Reversed and remanded.

*Lee, C. J., Ethridge, Brady and Inzer, JJ.,* concur.