MISSISSIPPI STATE HIGHWAY COMMISSION *v.*
RATCLIFFE, et al.

No. 43318 February 1, 1965 171 So. 2d 356

786

*J. M. Travis,* Heidelberg, for appellant.

*McFarland & McFarland*, Bay Springs, for appellees.

GILLESPIE, J.

This is an appeal by the Mississippi State Highway Commission from a judgment awarding damages for the taking of a parcel of land for right of way purposes in an eminent domain proceeding.

Appellees, herein called Landowners, own 154 acres of land in Jasper County. The Commission condemned 17 acres near the eastern edge of the 154 acre tract, leaving 3.05 acres isolated on the east side of the right of way. Landowners do not live on the land, and the only use of the land is for growing timber. The verdict in the Special Court of Eminent Domain was $7,500, and on appeal to the circuit court, on trial de novo, the jury awarded $9,500.

Numerous errors are assigned. In considering these assignments of errors it should be kept in mind that the only issue was the difference between the value of the entire tract before the taking, and the value of the remaining land after the taking, without taking into consideration benefits and detriments shared by the general public.

The trial court erred in admitting testimony concerning the total cost of the Federal Aid Highway

project and the fact that the Federal Government was paying 90% of the cost.

■■ ■ The trial court erred in permitting Landowners to offer proof that the appraiser for the Commission was a "rank trespasser" by going upon the land for the purposes of appraisal without consent of the Landowners. Employees of the Commission are authorized by statute to enter upon private property. Miss. Code Ann. § 8023 (1956). Cf. Wood v. Mississippi Power Co., 245 Miss. 103, 146 So. 2d 546 (1962). The Commission's appraiser was not a trespasser in going upon the land for the purpose of making an appraisal.

■■ ■ The trial court erred in admitting testimony concerning the plans the deceased father and husband of Landowners had for the land, and his instructions not to sell the land, and that it should be saved for the education of his son, one of the present owners.

■■ ■ The trial court erred in permitting Landowners to offer proof that the Commission would not let Landowners cut the timber before the highway was built, and proof which tended to show that the Commission had dealt unfairly with Landowners as to the timber. The jury was authorized to include the value of all timber in arriving at the amount of damages.

■■ ■ The trial court erred in permitting one of the Landowners to testify that she was satisfied with the verdict in the Special Court of Eminent Domain, that she did not appeal, that she was willing to settle on the basis of the former verdict, and that she had to employ technical and professional help and expert witnesses in both courts, and the amount of time the minor Landowner lost from school attending the two trials.

■■ ■ The trial court erred by the admission of statements indicating the fact that Commission entered upon the land before Landowners were actually paid for the damages was pertinent on the issue of damages.

This case must be reversed under the holdings in Mississippi State Highway Commission v. Deavours, 251 Miss. 552, 170 So. 2d 639, and Mississippi State Highway Commission v. Mrs. Irene R. Ulmer, et vir, 251 Miss. 710, 171 So. 2d 126, both decided January 25, 1965. A large part of the trial was concerned with the extraneous matters referred to above, and it seems clear to us that the Commission was denied a fair trial.

Landowners offered as an expert witness James F. Parrish. He valued the 154 acres before the taking at $110,172, or $715 an acre, exclusive of timber, the land being used solely for growing timber. We do not reach the question of excessiveness of damages but we are of the opinion that the testimony of Parrish is so unreasonable that it is completely unbelievable and should not be regarded as evidence. The motion to exclude this testimony should have been sustained.

Reversed and remanded.

*Kyle, P. J., and Rodgers, Jones and Brady, JJ.,* concur.