MISSISSIPPI STATE HIGHWAY COMMISSION *v.* RAMSEY, et ux.

No. 43529 April 5, 1965 173 So. 2d 421

*Welch, Gibbes & Graves,* Laurel, for appellant.

*Gartin, Hester & Pickering*, Laurel, for appellees.

Lee, C. J.

This is an eminent domain suit, brought in the County Court of Jones County by Mississippi State Highway Commission against Randolph E. Ramsey and wife, for the purpose of condemning a right-of-way to be used in the construction of Interstate Highway No. 59, a limited access facility.

The property of the landowners consisted of their home and approximately 100 acres in an irregular shape, as described in the petition. The home was in the extreme southeast cornor, adjacent to U. S. Highway No. 11, about 4.4 miles north of the City of Laurel, and

less than one-half of a mile to the corporate limits of the rural village of Sandersville. The right-of-way takes 16.18 acres, leaving 51.5 acres west and 32.65 acres east thereof, or a total residue of 84.15 acres.

In the right-of-way, there was timber of substantial value, together with several small pecan trees. There was one old dwelling house and an outhouse, in a poor state of repair; a good well with a pump in prime condition; and an artificial lake, with an area of three to three and one-half acres, which, concededly, will be ruined. It was further shown that there was no other place suitable for a pond of any substantial area. Such access as may be available to and from the property, which will be left west of the right-of-way, will be by circuitous route or routes, and from one and one-half to one and three-fourths miles from the home. The house, in which these people lived, was a two-story construction, spacious with numerous rooms, concrete walls, in an excellent state of repair, and in a desirable location with attractive surroundings and resplendent in beauty. Some of the land, suitable for pasturage purposes, or susceptible thereof, has been taken, or has been cut off and the value diminished because of limited access. Considerable portions of the tract are timbered areas with appreciable amounts of virgin timber; but difficulties will be experienced in its removal, when sold. At least 3,000 feet of fencing will be necessary.

Only two recognized appraisers, J. W. Morgan for the Highway Commission and James F. Parish for the landowners, testified in regard to the damages which will result from this condemnation. Morgan's estimate of damages was given as follows: Before value $42,000; after value $33,000; and resulting damages $9,000. Parish gave a before value of $157,318.38; after value $103,005; and resulting damages $54,313.38. W. E. McWhorter, a timber appraiser, gave a detailed statement of the

timber which he found in the right-of-way, approximately 35,000 board feet of pine sawlogs.

The jury also viewed the property and returned a verdict, fixing the damage at $27,000. That judgment, on appeal, was affirmed by the circuit court; and the Commission has appealed.

The witness Morgan testified that he had caused a timber cruise to be made in order to determine the amount, extent and value of the timber on the property. Counsel for the landowners then asked what the value or amount of timber on the property was, to which counsel for the Commission objected. The objection was overruled and the witness said that the amount of timber on the entire property was worth approximately $1,100. Subsequently on redirect, counsel for the Commission repeated the answer which the witness had given on cross examination, saying "he (defense counsel) asked you the approximate value of the timber on the entire property, and you answered $1,100." The witness replied, "in the right-of-way."

■■ ■ The appellant contends that this was error. However, the cross examiner had the right to test the judgment or accuracy of the witness. Besides it was not an effort to single out the timber value and thus effect a pyramiding of the damages. The witness was emphatic in his evidence that the item of damage to timber was merely taken into consideration in arriving at an over-all amount of the damage, which will result from this condemnation.

In the case of Foster v. Mississippi State Highway Comm'n, 244 Miss. 57, 140 So. 2d 267 (1962), the opinion, at page 63, called attention to the case of Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565 (1940), which laid down the formula for determining the damage in an eminent domain case, and announcing the same to be the difference between the value of the property before and after it was taken.

The opinion in the Foster case, *supra,* in commenting on the basis of that rule, pointed out that it was not necessary that all of the law on the measure of damages should be then stated. It further pointed out that the Hillman case, *supra,* recognized under the evidence "that *the expense* of constructing necessary fences and a fish pond *could be considered by the jury* in determining the market value of the land, *but not as constituting separate items of damage.* Likewise it was said that *evidence of the value of the trees was admissible* for *consideration by the jury* in arriving at the value of the land, *but not as constituting a separate item of damage.* The landowners *could not show that the construction of an underpass* would have *reduced their damage* because the Commission was under no duty to do so. But, *if the Commission had desired it might have constructed the underpass and lessened the damage."* (Emphasis supplied.)

The above rule had been adhered to in Mississippi State Highway Comm'n v. Treas, 197 Miss. 670, 20 So. 2d 475 (1945). See also Mississippi State Highway Comm'n v. Ladner, 243 Miss. 278, 137 So. 2d 781 (1962); Mississippi State Highway Comm'n v. Ladner, 243 Miss. 176, 137 So. 2d 784 (1962); Mississippi State Highway Comm'n v. Strong, 240 Miss. 756, 129 So. 2d 349 (1961); Mississippi State Highway Comm'n v. Peterson, 238 Miss. 63, 117 So. 2d 452 (1960). The first cited case of Mississippi State Highway Comm'n v. Ladner, *supra,* gave a concise statement which may justify that inquiry. Consequently the admission of this evidence did not constitute error.

The appellant also contends that the damages are grossly excessive and evince passion and prejudice. In the statement of facts, the effect of the taking, together with the value of the actual property taken and the consequent damage to the residue has been sufficiently mentioned. The Court has reviewed a number of the cases, where it was charged, as here, that dam-

ages were grossly excessive. Among those were the following: Mississippi State Highway Comm'n v. Mitchell, 250 Miss. 852, 168 So. 2d 512 (Miss. 1964); Mississippi State Highway Comm'n v. Pepper, 250 Miss. 755, 168 So. 2d 307 (Miss. 1964); Mississippi State Highway Comm'n v. Pepper, 250 Miss. 347, 164 So. 2d 911 (Miss. 1964); Mississippi State Highway Comm'n v. Roche, 249 Miss. 792, 163 So. 2d 874 (Miss. 1964); Mississippi State Highway Comm'n v. Davis, 249 Miss. 643, 163 So. 2d 729 (Miss. 1964).

It is concluded that, although the verdict in this case is large, it is not out of line with recent dispositions of other somewhat similar cases. When all of the resultant damage is considered, the Court is of the opinion that the verdict was not so large as to evince passion or prejudice, and that it should not, therefore, be disturbed.

It follows that the judgment of the County Court, as affirmed by the Circuit Court, should be, and it is, affirmed.

Affirmed.

*Jones, Brady, Patterson and Inzer, JJ.,* concur.