MISSISSIPPI STATE HIGHWAY COMMISSION *v.*
HEMPHILL, et al.

No. 43556 June 14, 1965 176 So. 2d 282

*Black & Boykin,* Carrollton, for appellant.

510

*Brewer, Deaton & Evans,* Greenwood, for appellees.

ETHRIDGE, P. J.

This is a suit seeking damages under Mississippi Constitution section 17 (1890) for the taking by the Mississippi State Highway Commission, defendant below and appellant here, of an easement for highway purposes. Vassar D. Hemphill, Jr. and M. Simpson Hemphill, appellees, brought this action in the Chancery Court of Carroll County for damages to their executory interest in the tract. Since they initiated it, they have the burden of proving the value of their interest taken and damaged. The chancery court undertook to fix the damages to the executory interest and to place that amount in trust with the court clerk. We reverse and remand, because there was no adequate evidence of dam-

ages under the established before and after rule and at the time of taking, which was several years before the trial. We further hold that under the peculiar circumstances here, where owners of the present defeasible fee estate executed a warranty deed to the commission, and the future interest owners made an indemnity agreement with them, it will be necessary to ascertain the cash value of the future interest as well as the entire estate at the time of taking, in order to determine whether complainants have been damaged.

This case is a sequel to Hemphill v. State Highway Commission, 245 Miss. 33, 145 So. 2d 455 (1962). Comment, 34 Miss. L. J. 346 (1963). Many of the pertinent facts were reviewed in that opinion. Mrs. Ida Martin Hemphill died in 1952, leaving a holographic will. It was held that the effect of this testament was to devise in fee simple the home place to her son, Everett Hemphill; but, if he dies before his wife (Myrtis), then to her until her remarriage or death, whichever is earlier, with remainder to Vassar, Jr. and Simpson, testatrix's grandchildren and complainants-appellees. The effect of the will was to devise to Vassar and Simpson an executory interest, not a vested or contingent remainder. Everett had a defeasible fee. The future interest was of a sufficiently substantial character to be given the protection of Mississippi Constitution section 17, providing that private property shall not be taken or damaged for public use, except on compensation being made to the owner. The executory interest of Vassar and Simpson was not tenuous but of a substantial nature, with the uncertainty lying only in the event upon which the defeasible fee, in Everett, would end. Hence the first Hemphill case held that the owner of a future interest must show that he owns a compensable interest in the condemned property. Appellees met this test. Secondly, appellees must show that the interest is capable of evaluation. The first Hemphill opinion did not consider that

issue, but remanded for further proceedings "to determine the value, if any, of appellant's executory interest taken and allegedly damaged by the commission." No specific method of evaluation of the future interest and damages was prescribed.

 The "home place" contained 120 acres. The highway right of way across it consisted of 3.14 acres. On this land there was a residence, not taken, and other improvements. The chancery court found total damages to the entire estate in the amount of $2,881. The evidence is wholly insufficient to support that finding, for two reasons:

(1) Where part of a larger tract of land is taken for public use, the owner should be awarded the difference between the fair market value of the whole tract immediately before the taking, and the fair market value of that remaining immediately after the taking. State Highway Comm'n v. Hillman, 189 Miss. 850, 198 So. 565 (1940). Complainants, with the burden of proof as to damages, did not offer evidence under the before and after rule. Moreover, most of the evidence by complainants was on asserted specific damages to particular items, such as fences, water line easement, tenant house, the 3.14 acres actually taken. This was not related to the overall before and after test. Further, the trial court admitted over objection evidence of the sentimental value of the property, which can have no part in determining the market value before and after taking. State Highway Comm'n v. Windham, 241 Miss. 1, 128 So. 2d 577 (1961); State Highway Comm'n v. Ratcliffe, 251 Miss. 785, 171 So. 2d 356; 18 Am. Jur. *Eminent Domain* § 242 (1938).

(2) Damages in taking for public use are assessed as of the time of the taking. State Highway Comm'n v. Stout, 242 Miss. 208, 134 So. 2d 467 (1961); Pearl River Valley District v. Wood, 172 So. 2d 196, 205 (Miss. 1965). Complainants' evidence pertained to values as of the time of trial in 1964. The taking was in 1960.

Moreover, this evidence showed there had been a tremendous increase in values between the time of taking and time of trial. The decree referred to the "present" value and "present" damages. All of this was reversible error.

In short, the evidence as to damages to the entire estate taken, and the future interest, was erroneous in nature and insufficient to support the decree. It did not follow the before and after rule, and was directed not to the time of taking, but to the time of trial almost four years thereafter. Accordingly, the decree must be reversed for these errors. See State Highway Comm'n v. Ulmer, 251 Miss. 710, 171 So. 2d 126.

■■■ The first step in determining damages, if any, to appellees' future interest is to determine the overall damages to the entire estate resulting from the taking by the commission. This case is being reversed for errors in making such overall determination of damages. The next problem is to determine what portion of properly ascertained damages to the entire estate is attributable to damages, if any, to the future interest of Vassar and Everett. On March 17, 1960, Everett, owner of the defeasible fee, and his wife Myrtis executed a warranty deed to the commission of an easement across the land. The consideration paid was $1,575, after deducting (by agreement with Everett) $200 from the purchase price with the understanding Everett could have the tenant house on the right of way. Thus the gross consideration paid by the commission for the warranty deed was $1,775. That deed recited that it was in full payment and settlement of all claims or demands for damages accruing to the grantors because of construction of the proposed highway.

After this suit was begun, Everett, Myrtis, and the appellees Vassar and Simpson, executed a contract reciting that Everett and Myrtis had given the deed to the commission. Appellees agreed to "save and hold

harmless" Everett and Myrtis from all liability to the commission growing out of the deed to the right of way. The contract stated that it was the intention that Everett and Myrtis "shall suffer no loss or liability by reason of said conveyance and the contest" in the present suit by appellees. They agreed to divide proceeds of sales of gravel and timber by one-third to Everett and Myrtis, one-third to Vassar and one-third to Simpson. Paragraph 6 of the contract provided:

> All payments heretofore made to E. M. Hemphill or Myrtis W. Hemphill by the Highway Department for the State of Mississippi, for additional right-of-way of Highway 82, as it traverses the hereinabove referred to lands, shall be retained by the said E. M. Hemphill and Myrtis W. Hemphill, without contribution of any part thereof to the above named remaindermen.

The decree of the trial court found total damages of $2,881 for the entire taking, and undertook to apportion them between Vassar and Simpson, and Everett and Myrtis. Everett and Myrtis were not entitled to participate in any amount in excess of the consideration they received for the warranty deed. The court found that Everett had 14.10% of his 79.17 years of total life expectancy remaining, and Myrtis had a life expectancy of 2.97 years beyond that of her husband, or 3.85% of her total life expectancy in which it must be assumed that she and her husband were entitled to share in the sum of $1575. It thus calculated the amount to which Everett and Myrtis were presently entitled to be $282.71. It ordered the commission to pay to a special trustee, the chancery clerk, $1,071.57, and directed Everett and Myrtis to pay the trustee $1,292.29 (difference between $1575 and $282.71) in trust, on these conditions: If Myrtis died before Everett, then the trustee would pay to Everett the entire amount held in trust. If Everett predeceased Myrtis, then the trust fund should be paid to Vassar and Simpson.

■■■ Even if the total damages had been properly found, the method pursued by the trial court would be erroneous, under the circumstances of this case, for several reasons. To find the value of Everett's life estate, the chancellor took the proportion of his remaining life expectancy to his total life expectancy, and multiplied that figure times the total damages assessed for the taking of the land. This formula is based on the erroneous premise that the value of a life estate to a person owning such is, at the moment of his birth, the total fair market value of the land with the remainder or residue at that point in time valued at zero. The actuarial method generally used by the courts for the computation of a wife's inchoate dower interest has been (1) to ascertain the present value of a possessory estate for life at the present age of the wife; (2) to subtract the present value of a possessory estate for life measured by the period that wife and husband could be expected to both be alive. Jackson v. Edwards, 7 Paige (N. Y.) 386 (1839); Ladshow v. Drake, 183 S. C. 536, 191 S. E. 713 (1937); Strayer v. Long, 86 Va. 557, 10 S. E. 574 (1890); Share v. Trickle, 183 Wis. 1, 197 N. W. 329 (1924); 64 A.L.R. 1053 (1930), 34 A.L.R. 1021 (1925); 5 Powell, Real Property § 665, 666 (1962).

■■■ Moreover, in the instant case this method of computation, with use of a trust fund for owners of the future interest, is not appropriate, because the owners of the defeasible fee and contingent life estate executed a warranty deed to the commission, and the indemnity agreement was made between these grantors and the owners of the future interest, Vassar and Simpson. See Annot., *Distribution as Between Life Tenant and Remainderman of Proceeds of Condemned Property,* 91 A.L.R. 2d 963 (1963). Everett and Myrtis conveyed their interests to the commission and their claims for all damages for the taking, for a gross consideration of $1775. They were defendants in this suit by appellees,

and the commission, a defendant, filed a cross bill against Myrtis and Everett praying for damages for breach of warranty. The maximum damages recoverable by the commission for breach of warranty are measured and limited by the consideration paid by the commission to Everett and Myrtis. Brunt v. McLaurin, 178 Miss. 86, 172 So. 309 (1937). The trial court erred in providing that if Everett survived his wife, the money in the trust fund should be paid to him. He had already conveyed by warranty deed all of his claim for the taking of the right of way. Furthermore, he asked for nothing in this suit, filing no cross bill.

In brief, the use of a trust fund is not available here, because it would necessarily have to provide that if Everett survived his wife, he would have the entire fee, and all money over and above that already paid him by the commission would be transferred to him from the trust fund. Yet he conveyed to the commission his full interest in the easement for the stated consideration. In addition, appellees agreed by the indemnity contract to save and hold harmless Everett and Myrtis from all liability to the commission growing out of their deed to it; and that all payments theretofore made to Everett and Myrtis by the commission should be retained by them without contribution of any part to Vassar and Simpson. Hence, if on retrial the damages for the taking of the future interest do not exceed $1775, this case would be moot. The commission has already paid that, appellees have agreed not to participate in that sum already received by Everett and Myrtis from the commission, and Everett and Myrtis would be liable to the commission to that extent on their warranty deed.

On remand the trial court should determine the cash value of the damages to the future interest at the time of the taking. We do not prescribe any particular method of doing this. Expert actuarial testimony concerning this fact would be available. One ap-

proach would be to begin with calculation of the total damages for the taking at the time of taking. From this should be subtracted the value at that time of Everett's life estate and Myrtis' potential life estate (calculated in the same manner as inchoate dower). This result should then be discounted by the probability at the time of the taking that Everett would outlive Myrtis.

Accordingly, the case is reversed and remanded for ascertainment of total damages for the taking of the future interest as of the time of the taking. Unless such damages exceed the sum of $1775, the bill of complaint should be dismissed. If the damages to the future interest exceed $1775, then the trial court should render a judgment against the commission for the sum in excess of that amount, in favor of the complainants-appellees.

Reversed and remanded.

*Gillespie, Jones, Brady and Smith, JJ.,* concur.