RODGERS, Justice:
This appeal involves another case in which Pearl River Valley Water Supply District (hereafter called the District) seeks to acquire land adjoining the reservoir, belonging to Thomas E. Wright, the appellee. The petition to acquire 255.19 acres of land located below the reservoir dam was filed on March 22, 1963. An eminent domain court was organized and a trial resulted in a judgment which was entered on March 19, 1964, in favor of the landowner in the sum of $88,040.55.
The District appealed to the Circuit Court of Madison County, Mississippi, where the case was tried de novo, resulting in a jury verdict and judgment in favor of the appellee in the sum of $108,375. The District has appealed from this judgment and complains: First, that the trial court erred in instructing the jury that the fair market value of the property should be determined as of the date of the trial. Second, it is contended that the court erred in permitting the appellee to place a separate value upon the timber located upon the land. Third, it is said that the verdict of the jury is so excessive and unreasonable as to evince bias and prejudice on the part of the jury, and to shock the enlightened judicial conscience.
I
On the first issue presented by the appellant, there can be no doubt. This Court has firmly established the rule that the time of taking, for the purpose of determining due compensation, is the date of the institution of the eminent domain suit. Pearl River Valley Water Supply Dist. v. Brown, 182 So.2d 384 (Miss.), decided January 31, 1966; Miss. State Highway Comm’n v. Hemphill, 176 So.2d 282 (Miss.), decided June 14, 1965; Pearl River Valley Water Supply Dist. v. Wood, 252 Miss. 580, 172 So.2d 196, decided February 22, 1965. It is apparent that the trial court did not have advantage of the rule above set out at the time this case was tried in October 1964. The attorneys for appellee recognized the foregoing rule in their brief, but they argued that the case was tried upon the theory that the date of determining the due compensation was the date of the trial, and that this situation was brought about by the District and not the appellee; therefore, the District is estopped to raise this issue on appeal to this Court.
*207 We are unable to apply this rule here, however, because the case was tried upon the theory that the value was to be determined as of the'date of the trial; this obviously contributed to the amount of the jury verdict, and we cannot say that it was brought about by the effort of the District.
The District did not agree, as was done in Pearl River Valley Water Supply District v. Wood, 252 Miss. 580, 172 So.2d 196 (1965), that the date of trial was the effective date of the taking of the property. The District contended that the value of the property should be determined as of the date of the District’s published notice and maps showing the land contemplated to be acquired. The court, however, upon the objection of the appellee-landowner, held that “The question is the situation as it is today.” Evidence was offered upon the theory of the District, but upon objection of the ap-pellee, the court restricted the “value evidence” for due compensation to the date of the trial. Moreover, the appellee obtained an instruction requiring the jury to fix the value of the property sought to be acquired as of the day of the trial.
We have reached the conclusion that the first contention of the District is well-taken and that the rule set out in the case of Pearl River Valley Water Supply District v. Brown, supra, is applicable to the facts here involved. This case, therefore, must be reversed so that the jury may determine the value of the land sought to be acquired by the District as of the date when the petition was originally filed.
II
The facts, shown in the record with regard to the value of the timber on the second assignment of error, are confusing. There is some evidence indicating that the timber described by the witness Fentress Fulgham McKnight belonged to C. M. Gooch Lumber Company on the date of the taking of the land. This, of course, may be ascertained by proper evidence upon a new trial. Assuming, however, that the landowner has a reversionary interest in the timber at the date the land was “taken”, the objection to the evidence, offered by the landowner to show the value of the property, including fences, and timber, is admissible as of the date of the taking. Upon retrial of the issue, as to the value of the property at the date of the taking, it must clearly appear that the value of the timber and fences is part of the over-all value of the whole property.
We said in Mississippi State Highway Commission v. Stout, 242 Miss. 208, 134 So. 2d 467 (1961):
“It is not proper to prove as a separate item of damage any item, quality or specific injury; but this does not mean that a witness may not testify concerning any specific quality, item, or specific injury which affects the depreciated market value. ‘Although every factor affecting a depreciated market value may be put in evidence, the ultimate issue is the extent • of their cumulative impact upon such total valuation.’ ” 242 Miss, at 219-220, 134 So.2d at 471.
In the case of Mississippi State Highway Commission v. Ladner, 243 Miss. 278, 137 So.2d 781 (1962), it is said:
“There is some misunderstanding as to what a witness may testify to regarding specific injuries to the remaining land which tend to depreciate its fair market value. We believe a careful reading of Hillman, Wheeler v. State Highway Commission, 212 Miss. 606, 55 So.2d 225; Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So.2d 475; Mississippi State Highway Commission v. Strong, 240 Miss. 756, 129 So.2d 349, and Mississippi State Highway Commission v. Stout, [242 Miss. 208], 134 So.2d 467, 471, will furnish a sufficient and understandable guide in this respect. Every *208 factor having a legitimate bearing on the before or after value of the land may be put in evidence. This includes specific items affecting the depreciated value, but they may not be shown as separate items of damage. Such specific items may be shown by the testimony if the witness testifies in accordance with the before- and after rule and connects such specific items with the before and after fair market values, and considers them only as. bearing upon such market values.” 243 Miss, at 285-286, 137 So. at 783-784.
We pointed out in White v. Mississippi Power Company, 252 Miss. 97, 171 So.2d 312 (1965):
“Every factor affecting market value may be put in evidence, and the ultimate issue is the extent of their effect upon such total evaluation. Instruction 3, however, singles out the several easements for special comment. It points up the several items of damages, which should be left to the testimony and argument.” 252 Miss, at 101-102, 171 So.2d at 314.
See also the cases enumerated in Mississippi State Highway v. Ladner, 243 Miss. 278, 137 So.2d 781 (1962).
Ill
We do not reach the assignment of error with reference to the value of the property, or the instruction with reference to the enhancement of the value after the date of taking, because it is not necessary, since, upon a new trial, the value of the land taken will be determined as of the date of the filing of the petition in eminent domain proceedings for the purpose of fixing due compensation to be paid the landowner.
The judgment of the trial court is therefore reversed and remanded.
Reversed and remanded.
GILLESPIE, P. J., and JONES, BRADY and INZER, JJ., concur.