PATTERSON, Justice:
This is an appeal by the Pearl River Valley Water Supply District from a judgment of the Circuit Court of Madison County awarding appellees $97,000 for 13.8 acres of land taken by eminent domain proceedings.
The petition for the condemnation of this land was first filed on March 22, 1963. The appellees, however, secured a temporary writ of prohibition prior to the condemnation trial. On October 5, 1964, this Court upheld the order of the Circuit Court of Madison County dismissing the writ of prohibition.
Upon trial of this cause in the special court of eminent domain a judgment was entered on March 20, 1964, awarding ap-pellees $93,000. The District appealed to the Circuit Court of Madison County where a judgment for $97,000 was rendered on November 17, 1964, after a trial de novo.
The appellant assigns as error that:
1. The value of the property condemned was erroneously determined as of the date of the trial rather than the date of the filing of the condemnation proceeding.
*297 2. The verdict of the jury is so excessive and unreasonable and so contrary to the weight of the evidence as to show bias and prejudice on the part of the jury and to shock the enlightened conscience.
3. The trial court erroneously permitted the witness Lewis Culley to testify over timely objection to the value of the property based exclusively upon the sale of individual lots in a highly developed subdivision.
The appellee-landowners request this Court to reconsider the doctrine announced in Pearl River Valley Water Supply District v. Wood, 252 Miss. 580, 172 So.2d 196 (1965), and subsequent cases which hold that in eminent domain proceedings the date of taking for purposes of evaluation of the land condemned is the date the application is filed in the special court of eminent domain. The appellees admit that if the Court adheres to the rule announced in Wood and the cases relying thereon, it will not be necessary for the Court to consider the remaining points on appeal.
The 13.8 acre tract, the subject of this suit, is a diamond shaped parcel of land located a short distance above the Pearl River Reservoir dam in Madison County. Its western boundary, 810.78 feet in length, fronts on a county road referred to in the testimony as the Old Old Canton Road, which intersects the Old Canton Road, both of which are hard surfaced, at a point approximately 1.10 miles north and west of this property. The northern boundary formerly adjoined the Natchez Trace right-of-way, but due to the relocation of this roadway the property is now approximately 400 feet from the right-of-way. The land south and east of this parcel is already owned by the appellant.
The subject land varies in elevation from 290 feet to 336 feet above mean sea level. It is rolling land, extremely well suited for residential or other purposes and was portrayed by several witnesses as being one of the most beautiful properties on the reservoir. The appellees’ summer home, a substantial and beautiful structure, and other improvements, including a barn, a caretaker’s residence, a storage house, two deep wells, and other incidental outbuildings and appropriate fences, are located there.
The first and principal assignment of error brings us to grips with the ap-pellees’ contention that we should reconsider Pearl River Valley Water Supply District v. Wood, 252 Miss. 580, 172 So.2d 196 (1965); Mississippi State Highway Commission v. Hemphill, 253 Miss. 507, 176 So.2d 282 (1965); Pearl River Valley Water Supply District v. Brown, 254 Miss. 685, 182 So.2d 384, 184 So.2d 407 (1966); and Pearl River Valley Water Supply District v. Wright, 186 So.2d 205 (Miss. 1966), holding that the institution of the suit in the special court of eminent domain is the date of the taking and that the value of the land immediately before this date is the criterion in time by which the jury evaluates the land. Appellees argue that the pronouncement of this rule in Wood was mere obiter dictum and not authority for the subsequent cases of Hemphill, Brown, and Wright. We reject this contention for the reason that the pronouncement in Wood, though not necessary to the decision, is persuasive. Some definitive time must be designated as the time of taking for the purpose of evaluating the property, and the date of the filing of eminent domain proceedings seems to us both reasonable and logical, especially when viewed with the language of this Court in Mississippi State Highway Commission v. Stout, 242 Miss. 208, 134 So.2d 467 (1961). The subsequent cases of Hemphill, Brown, and Wright simply reaffirm our opinion that a definitive time must be established for the evaluation of property. The time of trial, which appellees urge upon us as the date for the establishment of land values, is not as logical since such trial could, and often does, consume several days during which land values could fluctuate. While it is true that the condemnor might take a non-suit or even refuse to pay the judgment *298 after it is entered, the condemnee is not without recourse as he has the right to seek damages by way of redress under Mississippi Code 1942 Annotated section 2775 (1956). See also Mississippi State Highway Commission v. Morgan, 254 Miss. 630, 181 So.2d 905 (1966), and City of Jackson v. Lee, 234 Miss. 502, 106 So.2d 892 (1958).
Appellees contend further that the rule announced in Wood, supra, is in derogation of Mississippi Constitution section 17 which provides in part:
Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law * * *
Their contention is that this section provides that the owner shall be paid for his property as of the date of the trial as it is nearer to the time that the condemnor actually takes physical possession of the property. However, this argument, if taken to its extreme, would require evaluation of the property as of the date it is actually invaded and would therefore preclude evaluation as of the date of trial as the appellees contend for, as well as evaluation as of the date of the filing of the proceedings. In our opinion Mississippi Constitution section 17 does not contemplate nor require that condemned land must be evaluated on the same day that a physical entry is made of it, but rather that payment, based upon an evaluation within a reasonable time prior thereto, must be made to the condemnee before actual physical possession of the property is taken by the condemnor. For the reasons stated we are of the opinion that appellees’ contention that Wood and the subsequent cases should be reconsidered and reversed is not well taken. We hold, therefore, that the lower court erred in designating the date of the trial as the date the property was to be evaluated. In fairness to the trial judge we should state that the Wood case was not handed down until after the rendition of the judgment in the case ta bar.
In its brief and oral argument appellant requested this Court, in the event that cause is affirmed, to suggest a remittitur. Even though this request was made in the alternative and contingent upon an affirmance, and though appellant is entitled to a reversal for the error assigned, we nevertheless consider the question of remittitur in an effort to terminate this litigation and prevent further delay and expense to both parties. That evidence which we have held erroneous as being based upon the value of the property at the time of the trial rather than at the time the condemnation proceedings were begun, we now consider in an effort to arrive at a reasonable figure to suggest by way of remittitur.
Following is a summary of the evidence, omitting only the testimony of appel-lees’ witness Lewis Culley which consisted solely of sales of small lots in a highly developed Natchez Trace subdivision in no wise comparable to this property.
APPELLANT
‘T. L. Carraway, Jr.
Land @ $3,100 per acre $43,000
Improvements 41,650
Total $85,000
Lee Henry Cotton
Land @ $2,500 per acre $34,600
Improvements 43,600
Total $78,200
APPELLEES
T. A. Middleton
Land @ $4,000 per acre $55,200
Improvements 46,461
Total $101,661
Gus Noble
Land @ $4,000 per acre $55,200
Improvements 49,675
Total $104,875’
*299 We have considered the testimony-offered as to the value of the lands and the inevitable enhancement of value from the announcement of the reservoir project in 1958 until the time the suit was filed. We conclude that a remittitur be suggested to the appellees in the sum of $17,000. If the option of remittitur is accepted within ten days from the date this decision becomes final, the cause will be affirmed. If rejected, the cause will be reversed and remanded for a new trial. We recognize that this remittitur is unorthodox and for this reason it will not be precedent for future cases. It is suggested only to terminate onerous and protracted litigation.
Affirmed on condition of remittitur; otherwise reversed and remanded for new trial.
GILLESPIE, P. J., and INZER, SMITH, and ROBERTSON, JJ., concur.