ROY NOBLE LEE, Presiding Justice,
for the Court:
Tennessee Gas Pipeline Company, a Division of Tenneco, Inc., appeals from a judg *439 ment entered in a Special Court of Eminent Domain, Warren County, Mississippi, awarding a jury verdict to James C. Amos and family in the sum of fourteen thousand dollars ($14,000) for taking 2.023 acres of land for permanent right-of-way and 1.077 acres for a temporary easement. We address only one assigned error and reverse and remand for a new trial.
Appellant’s statement of values set the fair market value of the 2.023 acres to be acquired at two thousand dollars ($2,000) and the damages to the temporary easement at five hundred dollars ($500.00) for a total compensation due the landowners at twenty-five hundred dollars ($2,500). Its statement as to the highest and best use of the property was grazing land and growing timber.
The appellees’ statement of values set the fair market value of the take and temporary easement at six thousand four hundred four dollars ($6,404.00) and damages to the remainder of the property at seventeen thousand five hundred dollars ($17,-500) for a total compensation of twenty-three thousand nine hundred four dollars ($23,904.00). They claim that the highest and best use of the property is rural residential and agricultural with residential subdivision potential.
The expert witnesses/appraisers for the parties followed the respective statements of values in their testimony.
THE TRIAL COURT ERRED IN ADMITTING TESTIMONY AS TO THE AMOUNT PAID FOR ANOTHER EASEMENT ON THE SUBJECT PROPERTY.
During cross-examination of Mr. Simon Amos, one of the appellees, the appellant asked Mr. Amos if there was another gas pipeline on the property. Mr. Amos responded in the affirmative and stated that the other pipeline ran along the south side of the property. On redirect examination, appellees elicited the following testimony from Mr. Amos:
Q. This other pipeline easement that was brought to your attention by Mr. Yoste, how much money were you paid for that easement?
BY MR. YOSTE: To which we object, your honor. It’s irrelevant.
BY THE COURT: I’m going to let him testify.
Q. How much money were you paid by Placid?
A. Eight thousand.
Q. And how much do you receive on an annual basis for that easement?
A. Six hundred.
On re-cross examination, the following questions and answers were recorded:
A. That pipeline runs to the production plant that Placid has to the southeast corner of my property.... They had to come across my property.
[[Image here]]
A. We got together on a price.
[[Image here]]
Q. The price that y’all finally agreed on with the Placid people was based on what the Amos family wanted out of the transaction, right?
A. Right.
Q. The basis for that price was not the fair market value of your property, was it?
A. I don’t know. Fair market value of the property? I’m trying to see, now.
Q. You didn’t use any, the value of your property as the basis for the amount of money you agreed on?
BY MR. PERRIER: We object, Your Honor. How they arrived ...
BY THE COURT: I’ll sustain that objection. Now, this is something you brought up and you asked him what he got for it and I think that’s a good question, at least a legal one.
BY MR. YOSTE: I’m trying to show that this is not necessarily a willing buyer and willing seller situation.
BY THE COURT: They have objected to that and I have sustained it.
In Dantzler v. Miss. State Highway Comm’n, 190 Miss. 137, 150-151, 199 So. *440 367, 371 (1940), the Mississippi State Highway Commission introduced evidence over objection that 106 out of 108 owners of similar property to that condemned had granted a right-of-way to the Highway Commission on this particular project for consideration of $1.00 each. In reversing the case on that error, the Court said:
In State Highway Commission v. Buchanan, 175 Miss. 157, 189, 165 So. 795, 166 So. 537, it was foreshadowed that, when the questions were squarely presented and became necessary to decision, we would hold such evidence inadmissible; and we now expressly so hold. We have, upon full consideration, concluded that the better rule is that which is supported by the weight of the authorities, namely, “that the price paid in settlement of condemnation proceedings or the sum paid by the condemnor for similar land, even if proceedings had not been begun, is not admissible. Such payments are in the nature of compromise, to avoid the expense and uncertainty of litigation, and are not fair indications of market value.” 18 Am.Jur., p. 996, and annotations 43 L.R.A. (N.S.) 985.
On re-cross examination, appellant attempted to minimize the gravity of the error in admission of the payment for the first easement, but objection was sustained to such examination. In State Highway Commission v. Buchanan, 175 Miss. 157, 189-190, 165 So. 795, 166 So. 537 (1935), the Court said:
[TJhat before such evidence is offered and received, ... there must be preliminary proof, as a condition precedent to the reception of such evidence, that the parties considering sales were uninfluenced by prospective litigation, and that the minds of the parties on each side met upon the basis of what the actual value was. In other words, the proof must show that the person who has a desire to sell would be willing to take the amount paid regardless of condemnation, and the buyer must be willing to pay the amount for the property taken regardless of prospective litigation.
Evidence of the existence and the extent of an original easement is admissible but not the price paid in settlement in condemnation proceedings or in settlements looking forward to condemnation proceedings. Evidence of the fact that it is an original easement may be considered in mitigation of damages. See Miss. State Hwy. Comm’n v. Ladner, 243 Miss. 278, 137 So.2d 781 (1962); Nantahala Power & Light Co. v. Sloan, 227 N.C. 151, 41 S.E.2d 361 (1947).
The rulings of the Court on this evidence were prejudicial to the appellant and constituted reversible error. Therefore, the judgment of the lower court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.