645 So.2d 940 (1994)
The MAYOR and Aldermen of the City of Vicksburg
v.
C.N. THOMAS.
No. 93-CA-1148.
Supreme Court of Mississippi.
November 17, 1994.
William M. Bost, Jr., David W. Ellis, Ellis & Bost, Vicksburg, for appellant.
Joseph E. Lotterhos, Mary E. McAlister, Bennett Lotterhos Sulser & Wilson, Jackson, for appellee.
Before PRATHER, P.J., and BANKS and McRAE, JJ.
*941 BANKS, Justice, for the Court:
This is an appeal by the City of Vicksburg of the trial court's dismissal of an eminent domain action against C.N. Thomas, landowner. We reject the City's contention that the trial court erred in concluding that the City did not seek to take Thomas' property for a public purpose. The trial court's dismissal of the City's eminent domain action is affirmed.

I.
The City of Vicksburg (hereinafter City), enacted on April 1, 1971, an Urban Renewal Plan pursuant to Mississippi Code Annotated § 43-35-1 (1972). On March 16 and 23, 1992, the City, through newspaper advertisements, solicited proposals from people and corporations who wished to use part of the City property at the City waterfront to operate lawful businesses including, but not limited to riverboat gaming. On September 18, 1992, gaming was approved by the City electorate. On January 21, 1993, the City entered into a contract with Harrah's Vicksburg Corporation (hereinafter Harrah's) in which the City sold some of its property to Harrah's for casino gaming development for a sum of $4,025,000, and agreed to acquire other private lands out of the money escrowed. After acquisition of other property, the City was to acquire private land owner C.N. Thomas' property by eminent domain using any funds remaining out of the $4,025,000. Thereafter, Thomas' property was to be turned over to Harrah's in fee simple without additional compensation. The contract called for a thirty-year reversionary interest in the City, but did not specify a proposed use, public or private, of Thomas' property. On February 10, 1993, the City's Urban Renewal Plan was amended to promote gaming enterprises. The only mention in the amendment concerning gaming was the following language: "Promotion of the orderly economic development of gaming enterprises and ancillary enterprises related thereto."
A petition for the public taking of Thomas' private property and an Order to Condemn was filed in the County Court of Warren County on July 29, 1993, by the Mayor and Board of Aldermen of the City of Vicksburg pursuant to Miss. Code Ann. § 43-35-1 (1972). Thomas filed a Motion to Dismiss on September 22, 1993, and an evidentiary hearing was held on September 24, 1993.
At trial, Paul Rogers, Vicksburg City Clerk, testified that he did not know what Harrah's actually intended to do with Thomas' property, but that it would be cleaned up for urban renewal purposes. He stated that how Harrah's actually uses the property will be up to Harrah's, and that contract does not require Harrah's to make any particular use of the property.
Rogers testified that the right of eminent domain was exercised on Thomas' property because it was the only parcel that could not be acquired through voluntary contractual agreement. He further testified that if the City had not been willing to exercise the right to eminent domain private properties, there would only be a casino and no on-land development.
On September 30, 1993, the trial court entered judgment sustaining Thomas' Motion To Dismiss, first noting that the City's contract was in violation of Miss. Code Ann. § 43-35-19(b), as it did not provide for competitive bidding for Thomas' property. The court further held that the City must establish an overall public purpose in the totality of the development, and no evidence was introduced of a detailed plan. The court reasoned that the 1993 "fourteen word" amendment to the Urban Renewal Plan was not sufficient to establish a public purpose because of its lack of detail. The trial court was also concerned with Rogers' testimony that it was totally up to Harrah's to determine how Thomas' property was to be used, and that no City employee or Harrah's employee ever testified as to how the property would actually be used.

II.
The appropriate standard of review for eminent domain proceedings commenced under Miss. Code Ann. § 11-27-15 (1972) is "whether or not the trial judge had sufficient basis to dismiss the condemnation petitions."[1] *942 American Telephone and Telegraph Co. v. Purcell Co., Inc., 606 So.2d 93, 96 (Miss. 1990) citing Mississippi Power and Light Co. v. Conerly, 460 So.2d 107, 109 (Miss. 1984). Furthermore, where there is doubt of the right to exercise the power of eminent domain, the statutes will be strictly construed most favorably to the landowner. American Telephone, 606 So.2d at 96.
The City contends that the City made the legislative determination of public necessity and that it was inappropriate for the trial court to substitute its judgment for that of the legislature. The City also contends that since the City made the determination of public necessity, the burden is on the landowner to overcome this, and Thomas has failed to do so.

A. WHETHER THE TRIAL COURT ERRED BY MAKING A JUDICIAL DETERMINATION OF PUBLIC USE AND IN ITS DETERMINATION OF WHICH PARTY HAS THE BURDEN OF PROOF ON THE ISSUE OF PUBLIC USE?
The City argues that it was inappropriate for the trial court to substitute its judgment for that of the municipal authorities because once a public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954). In addition, the City contends that the burden is on Thomas to show fraud or a clear abuse of discretion since the legislature has made its determination of public necessity, and that he has failed to do so. Mississippi State Highway Comm. v. Jacob, 192 So.2d 260 (Miss. 1966).
The City's argument is not well taken. The controlling issue in this case is not whether there was a necessity for Thomas' property as the City characterizes the issue, but whether Thomas' property would be put to an appropriate public use. We have held that whether the taking is necessary has consistently been held to be a legislative question which the courts should not disturb absent fraud or abuse of discretion. Morely v. Jackson Redevelopment Authority, 632 So.2d 1284, 1288 (Miss. 1994), citing Governor's Office v. Carter, 573 So.2d 736, 739 (Miss. 1990). However, whether there is a public use is a judicial question without regard to legislative assertions that the use is public. Morely, 632 So.2d at 1289, citing Mississippi Constitution (1890), article 3, § 17. Furthermore, Mississippi Code Annotated § 11-27-15 (1972) allows a defendant to file a motion asserting that a taking is not one for public use. "Once the motion has been filed and the proceeding begun, it is the condemnor which has the burden of proving public use, unlike the question of public necessity, where the lack of public necessity must be shown by the owner." Morely at 1289.
In the case sub judice, the trial court did not err when it determined whether Thomas' property was in fact taken for a contemplated public use without giving discretion to Vicksburg's legislative branch. Furthermore, the trial court did not err when it determined that the City, not Thomas, had the burden of proving that Thomas' property was being taken for a public use.

B. DID THE CITY PROVE A PUBLIC USE FOR THOMAS' PROPERTY?
The City contends that the taking of Thomas' property was an effort to further revitalize the City's Urban Renewal Area by the development of a land based riverboat gaming enterprise. The City bases its contention on numerous grounds.
The City asserts that the benefits achieved by the contract with Harrah's include increased employment of the citizenry, attraction of tourists, upgrading City facilities by $500,000 received under the contract, over $15 million added to City tax rolls, and $60,000 *943 for the construction of a park in the Urban Renewal Area.
The City argues that a public use can legitimately be served by involving private enterprise in the execution of public programs. Pearl River Valley Water Supply v. Brown, 248 Miss. 4, 156 So.2d 572 (1963); Paulk v. Housing Authority, 195 So.2d 488 (Miss. 1967); and Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954). Through the contract with Harrah's, the City contends that it contracted and negotiated for a redeveloped waterfront which will aesthetically and economically be of public benefit.
Thomas contends that his property was not being taken for a public use. He asserts that under the contract, Harrah's could leave the property as is or use the property for any private enterprise allowed under the City's zoning ordinances, as may he. As such, Thomas contends that Harrah's is the primary beneficiary of the taking and his use is not sufficiently subordinate to the public use as to be incidental to it. Therefore, the taking is unlawful. Swann Lake v. United States of America, 381 F.2d 238 (5th Cir.1967); Morely, 632 So.2d at 1284.
The trial court's finding of no public use is supported by the evidence. First, the trial court apparently reasoned that if the property acquisition was part of an urban renewal project, the City was bound to follow the statute with regard to competitive bids. Because it did not, it follows that urban renewal was not the purpose of the acquisition. The contract provision relinquishing Thomas' property to Harrah's without further competitive bidding is in violation of Mississippi Code Annotated § 43-35-19(b) (1972). Although the City argues that competitive bids are required starting at $456,500, the contract clearly provides that fee simple ownership will be transferred to Harrah's without additional compensation. In addition, Rogers testified that to his knowledge the City failed to offer any additional support of its contention that bids are required. Thus, the contract violates the competitive bidding requirement.
We have clearly held that there must be a primary and public purpose for a taking. Paulk, 195 So.2d at 488. We have also held that the purported purpose must be direct. An indirect and speculative purpose is insufficient. Morely, 632 So.2d at 1284.
In Berman, Paulk, and Brown, all cases relied on by the City, the subject property was relinquished to private parties subject to conditions to insure that the proposed public use will continue to be served. Although the City cites a list of alleged public benefits from Harrah's gaming enterprise, it has failed to show how the public will directly benefit from the use of Thomas' land. Unlike Berman, Paulk, and Brown, the City failed to provide conditions, restrictions, or covenants in its contract with Harrah's to ensure that the property will be used for the purpose of gaming enterprise or other related establishments. In fact, testimony indicates that Harrah's may do anything it wishes with Thomas' property, limited solely by a thirty year reversionary interest in the City.
The facts of this case support the trial court's conclusion that Harrah's is the primary beneficiary of the taking of Thomas' land. Because the use of Thomas' land will be at the whim of Harrah's, the private use of Thomas' property by Harrah's will be paramount, not incidental, to the public use and any public benefit from the taking will be speculative at best. The trial court had sufficient basis to dismiss the City's condemnation petition.
The judgment of the trial court is affirmed.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
NOTES
[1] Miss. Code Ann. § 11-27-15 (1972) allows a defendant to file a motion to dismiss an eminent domain complaint on grounds that (1) the plaintiff seeking to exercise the right of eminent domain is not, in character, such a corporation, association, district or other legal entity as is entitled to the right; (2) there is no public necessity for the taking; or (3) the contemplated use alleged to be a public use is not in law a public use for which private property may be taken.