SOUTHWICK, P.J.,
for the court.
¶ 1. An adjacent landowner and corporate lessee of that adjacent property sued a Vicksburg casino and its construction contractor for trespass and also for punitive damages. A jury awarded damages of $3,000, but the circuit court did not allow punitive damages to be considered by the jury. In the initial appeal, this Court agreed that further proceedings should be conducted as to punitive damages. Thomas v. Harrah’s Vicksburg Corp., 734 So.2d 312, 322 (Miss.Ct.App.1999). After a new trial on remand, the jury refused to award any punitive damages. The corporate lessee again appeals, alleging that the instruction on punitive damages was fatally defective. We disagree and consequently affirm.
STATEMENT OF FACTS
¶ 2. Harrah’s Vicksburg Corporation chose' as its general construction contractor W.G. Yates and- Sons - Construction Corporation. In order to permit construction of the casino, the City of Vicksburg was to purchase several privately-owned parcels of property. ■ One of those parcels was owned by C.N. Thomas. Located on one portion of the Thomas tract was Surplus City U.S.A., Inc., a sporting goods retailer wholly owned by Thomas. The other portion of the property was a vacant weed-covered lot containing a demolished building. The City offered to purchase Thomas’ property for $456,000, but Thomas refused despite the fact that he valued the property at only $125,000. The City then attempted to condemn the property. The eminent domain suit was dismissed and that dismissal was affirmed on appeal. Mayor v. Thomas, 645 So.2d 940, 943 (Miss.1994).
¶ 3. Construction of the casino began with no agreement between Thomas and either the City or Harrah’s as to Thomas’ property. At some point, it was desirable for the general contractor, Yates, and the subcontractors to enter the Thomas property. The casino building was being constructed within inches of the line dividing Thomas’s property and Harrah’s property. Construction was difficult without entering the adjacent tract. Thomas initially granted Yates permission to access his property to aid construction, but that permission was very quickly revoked.
¶ 4. Thomas informed Yates that all use of his property must cease. Thomas also informed .Harrah’s that he believed, after several surveys, that a wall erected by Yates encroached on his property by several inches. After Harrah’s also had a survey conducted, it determined that an angle-iron on a portion of the wall encroached onto Thomas’ property by five-eights of an inch. Harrah’s decided to rebuild this wall twelve inches away from the property line. Surplus City complains that Harrah’s and Yates never sought permission to enter upon its leased property to destroy the old wall and to build a new one. Surplus City also complained of verbal abuse, obscene hand gestures, and the *893 display of naked posteriors by employees of Harrah’s, Yates, or the subcontractors.
¶ 5. Thomas and Surplus City filed suit against Harrah’s and Yates seeking damages for trespasses between July and December of 1993. The results of that trial are discussed in our previous decision. Thomas v. Harrah’s Vicksburg Co., 734 So.2d at 314-15. In summary, the jury found that Thomas was not entitled to any damages but awarded Surplus City $3,000. The trial judge did not submit the issue of punitive damages to the jury. This Court affirmed the judgment as to Thomas and the award of $3,000 to Surplus City. We remanded for the purpose of conducting a hearing to determine whether punitive damages should be submitted to a jury. Thomas, 734 So.2d at 322.
¶ 6. After an initial hearing on remand, a three-day trial was held on the issue of punitive damages. For the first time, evidence was presented of an apparent agreement between counsel for Harrah’s and for Thomas. In consideration of $12,500, Thomas agreed to relinquish all claims of trespass and grant Harrah’s and Yates a twelve-foot wide temporary construction easement. This agreement was memorialized in a letter by counsel for Harrah’s and Yates. Four days later, Thomas informed Harrah’s and Yates that he was revoking the agreement. Harrah’s and Yates were advised by their counsel that the agreement was still effective. Construction of the wall continued. Prior to transfer to the circuit court and the conducting of the first trial, a chancellor found the agreement to be invalid because Thomas never signed any document binding himself.
¶ 7. At the second trial, the jury refused to award punitive damages. Surplus City appeals.
DISCUSSION
¶ 8. The sole appellate issue concerns a jury instruction prepared by the defendants and submitted to the jury after some trial judge revisions.
The Court instructs you that Surplus City may recover punitive damages from Harrah’s and Yates’ only for misconduct committed by those companies. Accordingly, you may not award Surplus City punitive damages for any misconduct committed by any employee or independent contractor of Harrah’s or Yates’ management unless you find that the Plaintiff has proved by clear and convincing evidence that (1) Harrah’s or Yates’ management expressly authorized the employee’s or independént contractor’s misconduct and the manner in which it occurred; or (2) the employee or independent contractor was acting within the scope of his work and the line of his duties, and not for a purpose of . his own unrelated to the purpose of his work, when he engaged in the misconduct, and Harrah’s or Yates should have reasonably foreseen that the employee or independent contractor would engage in the misconduct because of the nature of his work and his related duties; or (3) Harrah’s .or Yates’ management learned of the employee’s or independent contractor’s misconduct and, with full knowledge of the misconduct, and the manner in which it occurred, specifically ratified or expressed approval of the misconduct.
¶ 9. Surplus City argues that this instruction prevented an award of punitive damages' unless the jury found that defendants expressly'ratified the actions of the independent contractors. What Surplus City argues was presented by its evidence was that Harrah’s and Yates both knew in advance of the practical necessity of trespassing onto the adjacent • property to complete its construction, and that this conduct required an award of punitive *894 damages. Of course, the first two options, in the instruction addressed that characterization of the evidence: either the defendants directed that the work be performed in a way that required trespassing onto the adjacent property, or entering on the property was reasonably foreseeable— which it would have been if Surplus City is correct that it was necessary. All the third option does is permit liability to be imposed on the defendants in the absence of authorization or foreseeability, and instead based on ratification.
¶ 10. By focusing on the third and last option in the instruction, Surplus City argues that its theory of the case as covered by the first two alternatives was effectively cancelled. That is to say, Surplus City alleges that the jury could have been misled into believing that despite the first two parts of the instruction, that ratification must also have been shown. However, these instruction subparts were divided by the disjunctive word “or,” which appropriately permitted the jury to award punitive damages if any of the three alternatives were found to exist. The trial judge altered the instruction slightly for the express purpose of making it clearer that these were independent alternatives for liability. The refusal to award such damages meant that the jury found none of the three existed.
¶ 11. Thus, we do not discuss the principal arguments made by Surplus City as to why ratification is unnecessary. It is enough to say that in this case and under this instruction, ratification indeed was unnecessary. We reject the argument that the instruction was misleading.
¶ 12. We also reject the view that our prior opinion required an award of punitive damages. Even though we found that the defendants were liable for the trespass of the subcontractors, the whole point of the remand was that further proceedings were necessary to determine whether that liability would also encompass the payment of punitive damages. After a trial in which the only error now alleged is in the instruction just quoted, the jury found no basis to make the award.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.