# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01405-COA

**STARKVILLE LODGING, LLC**                                             **APPELLANT**

**v.**

**MISSISSIPPI TRANSPORTATION**                                        **APPELLEE**
**COMMISSION**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2018 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY SPECIAL COURT OF EMINENT DOMAIN |
| ATTORNEYS FOR APPELLANT: | JAMES W. NOBLES JR. |
| | TRAVIS T. VANCE JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MORRIS C. PHILLIPS JR. |
| | BILLY HALL |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | AFFIRMED - 08/27/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.     The Mississippi Transportation Commission (the Commission) initiated this eminent domain proceeding in the Special Court of Eminent Domain of Oktibbeha County, Mississippi, on December 17, 2017.  Starkville Lodging subsequently filed a combined answer and motion to dismiss pursuant to Mississippi Code Annotated section 11-27-15 (Rev. 2004), which the Special Court of Eminent Domain denied on September 17, 2018.  Starkville Lodging appeals the denial of its motion to dismiss, seeking review of (1) whether there is a public necessity for taking Starkville Lodging's property; and (2) whether the

Commission's contemplated use of the condemned property is in law a public use for which Starkville Lodging's property may be taken.

¶2. Finding the Special Court of Eminent Domain had a sufficient basis for its decision to deny Starkville Lodging's motion to dismiss, we affirm.

FACTS

¶3. Eight years prior to the initiation of this proceeding, the Mississippi Department of Transportation (MDOT) deeded a parcel of land it no longer needed for drainage or transportation purposes to Starkville Lodging. A portion of this 2.45-acre parcel comprises the disputed property in this eminent domain proceeding.

¶4. On December 1, 2015, the City of Starkville (the City) authorized the sale of approximately 20.34 acres of city-owned property, formerly used by the City as a sewage lagoon, that was no longer needed or used in the operation of the municipality. The City determined that the sale of the sewage lagoon property would promote and foster the development, improvement, and economic welfare of the community. This property is located to the southwest of Starkville Lodging's disputed tract.

¶5. On the same day, the City entered into a contract for the sale and purchase of the abandoned sewage lagoon property with Dr. Bennett York, an oral surgeon and real estate developer from Hattiesburg, Mississippi. Due to the landlocked nature of the sewage lagoon property, the contract for the sale and purchase of the sewage lagoon was conditioned on the "State allowing access to [the] property for [the] intended use [of the] Buyer." The contract provided that Dr. York could extend the closing if needed to ensure that access was granted.

2

According to Dr. York, "[a]ccess was always the problem." In all, approximately six contract extensions were made for "the purpose of [the eminent domain] proceeding being decided in favor of MDOT and providing [Dr. York] access to the abandoned sewage lagoon[.]"[1]

¶6. On August 12, 2016, the Commission and the City authorized and executed a memorandum of agreement for the "acquisition of [a] right[-]of[-]way" to provide for "the construction and maintenance of interconnections between the state[-]designated highway system and [the] streets of the municipalit[y][.]" The stated purpose of the memorandum of agreement was to correct an oversight by the Commission in acquiring a portion of an easement owned by the City during the Commission's earlier acquisition of right-of-way to "expand and relocate State Route 12 from the MSU campus to the U.S. Highway 82 bypass[.]" The property to be acquired by the Commission pursuant to the memorandum of agreement was the parcel owned by Starkville Lodging at issue here.

¶7. The memorandum of agreement provided in relevant part:

---

[1] The City conveyed the sewage lagoon to Dr. York via warranty deed in May 2018, shortly after Dr. York was "forced to gain access [through] another source at great expense[.]" In exchange for the easement obtained from this "source," Dr. York agreed to several restrictive covenants that would curtail Dr. York's intended use and/or development of the sewage lagoon. For example, as a part of this easement agreement, Dr. York agreed never to develop certain developments on the sewage lagoon property including grocery stores, pharmacies, dollar stores, gas stations, and/or low-income housing projects. Further, in exchange for the easement and in addition to the restrictions agreed to, Dr. York agreed to bear all costs of constructing a road on the easement. The easement agreement provided that, upon termination of the easement, Dr. York would regain all rights to the future development of the sewage lagoon property. Thus, if Dr. York obtained alternate access to the sewage lagoon, he could terminate the private easement and develop his property restriction-free.

[The Commission shall] . . . commence acquisition of right[-]of[-]way to provide for a connection from the current location of Pat Station Road east of State Route 12 outside the state-maintained limits of the intersection to the easement rights which extend from the southerly border of the intersection of State Route 12 and Pat Station Road to the sewage lagoon located to the south thereof.

Upon successful acquisition of the right-of-way, the Commission was to "convey title to the City by execution of a quitclaim deed provided by MDOT at its cost and expense." In return, the City was to accept conveyance of Starkville Lodging's condemned property and bear responsibility for any pavement or other improvements. The City, however, had no duty or obligation under the memorandum of agreement to pave or otherwise improve the deeded property—any decision to pave or improve the property was left to the City's sole discretion.[2]

¶8.    On June 27, 2017, the Commission, unable to reach an agreement with Starkville Lodging for the acquisition of the parcel, ordered Starkville Lodging's parcel condemned. The Commission determined it "to be in the best interest of the motorists and taxpayers of Mississippi to locate, relocate, construct and/or reconstruct a segment of MS Highway 12 Access Road, a part of the Mississippi State Highway System[.]" The Commission accordingly found it "necessary to acquire for public use certain property belonging to

_____

[2] As mentioned, the City did not obligate itself to pave or otherwise improve the condemned parcel of Starkville Lodging's property. Nor did the City obligate itself to provide a bridge connecting the sewage lagoon to the right-of-way envisioned for the condemned parcel. At the eminent domain hearing, Dr. York testified he planned to privately fund and construct both the road and the bridge connecting the future right-of-way on Starkville Lodging's property to his future development of the sewage lagoon property. In response to the trial court's question regarding whether Dr. York would be the owner of the condemned parcel, Starkville Lodging conceded that, although privately funded and constructed by Dr. York, the right-of-way would remain the property of the City as provided in the memorandum of agreement. Thus, once built, the road and related infrastructure would remain public.

4

[Starkville Lodging], or their successor in title[.]" And on December 16, 2017, the Commission reflected its decision to condemn Starkville Lodging's property on its minutes, as required by state law.

¶9. Two days later on December 18, 2017, the Commission filed its complaint in the Special Court of Eminent Domain of Oktibbeha County, Mississippi. The Commission thereby asserted its authority under the laws of the State of Mississippi to "locate, relocate, widen, alter, change, straighten, construct, or reconstruct any and all highways of the State Highway System" via its right to acquisition through condemnation. The Commission reiterated that it found it necessary to obtain rights-of-way from Starkville Lodging and that Starkville Lodging's property was to be used "in the relocation and reconstruction of Mississippi Highway 12 access road and as a part of and for the construction of same[.]"

¶10. Starkville Lodging filed a combined answer and motion to dismiss on July 6, 2018, asserting that the taking of its property was in fact "for the purpose of accommodating a private landowner whose property is adjacent to that of [Starkville Lodging]" and "to provide access to the adjacent landowner's property." Thus, Starkville Lodging moved the Special Court of Eminent Domain to dismiss the eminent domain proceeding on the grounds that the proposed condemnation and taking was neither a public necessity nor for a public use.

¶11. After conducting a hearing on July 19, 2018, the Special Court of Eminent Domain denied Starkville Lodging's motion to dismiss and ordered the parties to proceed to trial by jury to determine the damages due to Starkville Lodging. Specifically, the trial court found (1) that the Commission satisfied its burden of proving a public use for the condemned

property—i.e., for access to a state highway; and (2) that Starkville Lodging failed to satisfy its burden of proving a lack of public necessity for the taking with proof of fraud or abuse of discretion. Starkville Lodging appealed the denial of its motion to dismiss via a timely notice of appeal.[3]

## STANDARD OF REVIEW

¶12. The Special Court of Eminent Domain is the finder of facts in determining whether to grant a motion to dismiss a petition for eminent domain. *Ford v. Destin Pipeline Co. LLC*, 809 So. 2d 573, 575 (¶4) (Miss. 2000) (citing *American Tel. & Tel. Co. v. Purcell Co.*, 606 So. 2d 93, 95-96 (Miss. 1990)). The standard of review of a denial of a motion to dismiss an eminent domain petition is whether the Special Court of Eminent Domain had a sufficient basis for its decision. *Id*. (citing *Mayor v. Thomas*, 645 So. 2d 940, 941-42 (Miss. 1994)).

## ANALYSIS

¶13. Mississippi Code Annotated section 11-27-15 provides in relevant part that any defendant in an eminent domain action may file a motion to dismiss on the following grounds:

> (1) [T]hat the plaintiff seeking to exercise the right of eminent domain is not, in character, such a corporation, association, district or other legal entity as is entitled to the right; (2) that there is no public necessity for the taking of the particular property or a part thereof which it is proposed to condemn; or (3) that the contemplated use alleged to be a public use is not in law a public use for which private property may be taken or damaged.

¶14. It is not disputed that the Commission is a legal entity that is entitled to exercise the

---

[3] "[A]n appeal may be taken immediately from a ruling on a motion to dismiss an eminent domain petition." *Winters v. City of Columbus*, 735 So. 2d 1104, 1106 (¶4) (Miss. Ct. App. 1999) (applying Miss. Code Ann. § 11-27-15 (Rev. 2015)).

right of eminent domain. *See* Miss. Code Ann. §§ 65-1-8; 65-1-47 (Rev. 2012). As such, we limit our review to (1) whether there is a public necessity for taking Starkville Lodging's property; and (2) whether the Commission's contemplated use of the condemned property is in law a public use for which Starkville Lodging's property may be taken.

### A. Public Necessity

¶15. The question of public necessity for a taking has consistently been held to be a legislative question that courts should not disturb absent fraud or abuse of discretion. *Morley v. Jackson Redevelopment Auth.*, 632 So. 2d 1284, 1288 (Miss. 1994) (citing *Governor's Office v. Carter*, 573 So. 2d 736, 739 (Miss. 1990)).

> The burden of proof on the issue of necessity is on the landowner who seeks to show a lack of necessity. Whether the taking is necessary is within the discretion of the condemnor and the courts will interfere with the exercise of such discretion *only when abuse of discretion or fraud is shown*.

*Paulk v. Housing Auth. of City of Tupelo*, 195 So. 2d 488, 491 (Miss. 1967) (emphasis added). Accordingly, the burden of proof on this issue lies with Starkville Lodging to prove either fraud or abuse of discretion on the behalf of the Commission, which "[found] it necessary to acquire for public use certain property belonging to [Starkville Lodging]" in order to accomplish the "locat[ion], relocat[ion], construct[ion] and/or reconstruct[ion]" of a segment of the Mississippi Highway 12 Access Road.

¶16. Starkville Lodging asserts that the specific purpose for which the Commission seeks to condemn its property is to provide access to the abandoned sewage lagoon that the City of Starkville agreed to sell to a private individual—Dr. Bennett York. In support of this contention, Starkville Lodging references the contract for the sale and purchase of the

7

sewage lagoon entered into between the City and Dr. York. That contract conditions the sale of the sewage lagoon to Dr. York on the "State allowing access to [the] property for intended use [of the] Buyer." According to Starkville Lodging,

> [s]ince the City of Starkville was prohibited from taking [its] property by Section 110 of the Mississippi Constitution of 1890, there was a large legal impediment which required the City to resort to trying to utilize MDOT's eminent domain powers of condemnation to provide access to the abandoned property it had agreed to sell to Dr. York.

Starkville Lodging summarizes that the City and the Commission effected a "scheme or workaround to provide Dr. York with access to the sewage lagoon," and that this "scheme or workaround" equates to an abuse of the Commission's statutorily granted powers to condemn private property for private use.

¶17. The Special Court of Eminent Domain, however, summarily disagreed with Starkville Lodging's contentions finding "the proof presented . . . is insufficient to establish an abuse of discretion or fraud by the [Commission]." We agree with the trial court. Whether the taking is necessary is within the discretion of the Commission. Starkville Lodging offered no concrete proof of an abuse of discretion on the Commission's behalf, let alone alleged fraud that satisfies our heightened pleading standards. *See* M.R.C.P. 9(b). Starkville Lodging failed to satisfy its burden of proving lack of public necessity, and our review of the record demonstrates that the Special Court of Eminent Domain had a substantial basis for denying Starkville Lodging's motion to dismiss on this ground.

### B. Public Use

¶18. Mississippi Constitution, Article 3, Section 17 (1890) provides:

8

Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The Mississippi Supreme Court has ruled that the burden of proving a taking is for a public use is on the condemnor. *Morley*, 632 So. 2d at 1289.

¶19.   Here, the Special Court of Eminent Domain found that "the Commission's proof that the proposed taking is for access to a state highway is sufficient to meet its burden of proof." Thus, the trial court found that, as a matter of law, the contemplated use of Starkville Lodging's property for access to a public highway is sufficient to prove a public use. On appeal, we are tasked with determining whether the Special Court of Eminent Domain, as the finder of facts in determining whether to grant Starkville Lodging's motion to dismiss, had a sufficient basis for its decision. And, since the burden of proving a public use is on the condemnor—here, the Commission—we must review the proof offered by the Commission in support of public use.

¶20.   Like the Special Court of Eminent Domain, we find that the Commission satisfied its burden of proving a public use. In its order to condemn, dated June 27, 2017, the Commission provided:

> [T]his Commission has determined it to be in the best interest of the motorists and taxpayers of Mississippi to locate, relocate, construct and/or reconstruct a segment of MS Highway 12 Access Road, a part of the Mississippi State Highway System. . . . To accomplish this project, the Commission finds it necessary to acquire for public use certain property belonging to Starkville Lodging Partners, LLC, or their successor in title . . . . [T]his Commission does hereby declare said property necessary for public use and orders that it be

9

condemned.

Likewise, the memorandum of agreement provides that the taking is necessary to "expand and relocate State Route 12":

> [A] portion of an easement owned by the City of Starkville that extends from the 1962 location of Pat Station Road southerly to the parcel of property known as the Starkville sewage lagoon was not acquired by the Commission during the acquisition of right[-]of[-]way to expand and relocate State Route 12 from the MSU campus to the U.S. Highway 82 bypass; and . . . , the parties wish to correct the matter . . . .

¶21. This unrebutted proof, when coupled with the Commission's complaint, trial testimony, minutes, and answers to requests for admissions—each of which supports the Commission's designation of Starkville Lodging's property as necessary for construction of a state highway access road—provided the Special Court of Eminent Domain a sufficient basis for its decision.[4] As such, we find that the Commission satisfied its burden of proving that the contemplated use of the property to be taken is in law a public use for which private property can be taken.

¶22. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[4] We acknowledge that the Special Court of Eminent Domain erred when it stated, "In the instant case the property to be taken will remain the property of the Mississippi Transportation Commission . . . ." This statement is contrary to the memorandum of agreement executed by the Commission and the City, which provides that the City will accept conveyance of the condemned property upon successful acquisition of the right-of-way. Notwithstanding, we find this error is harmless. Although the record indicates that the infrastructure is to be privately financed and constructed, Starkville Lodging's condemned property is to remain in the hands of a public entity—the City of Starkville—for public use.